WENTWORTH BLACKMORE et al. v. J. B. WINDERS et al.

(Filed 20 March, 1907).

1. **Ejectment—Bond—Judgment—Condition Precedent.**—A bond, with sureties, conditioned upon the payment of any judgment given in summary proceedings in ejectment, makes the obtaining of the judgment a condition precedent to a recovery thereon against the sureties; and the obtaining such judgment must be shown by proper averment and proof, or an action against the sureties will be premature.

2. **Same—Pleading—Severable Cause—Demurrer, When Made—Principal—Surety.**—When the chief ground of demurrer to the complaint in an action for summary ejectment covers only the cause of action upon the stay bond, the demurrer is to that extent severable, though containing objections to other matters of the complaint; and it may be sustained as to the sureties and disallowed as to the principals upon grounds distinctly specified and separately assigned; and, being thus special or severable and denying the plaintiffs' right to recover all, the objection can be raised *ore tenus* in the Supreme Court, or the Court may notice it *ex mero motu*.

3. **Pleading—Sufficiency.**—Every reasonable intendment and presumption must now be indulged in favor of the pleader, and pleadings inartificially drawn are sufficient if from any portion or to any extent it can be gathered that facts which constitute a cause of action have been alleged; though a motion to make the pleading more definite or certain, or even a demurrer, would have been good to formal defects rendering the pleading unintelligible or uncertain, or arising from the omission of allegations which can be cured by amendment.

CIVIL ACTION heard before *Jones, J.,* on demurrer at the November Term, 1906, of the Superior Court of DUPLIN County. Demurrer overruled. Defendant appealed.

The plaintiffs in their complaint allege, that on 13 May, 1905, they leased to W. L. Carlton the hotel "Northumberland" and the lot on which it stands for the year 1906, at $480 as rent, payable in advance on 1 January, 1906. The lessee Carlton assigned his interest to the defendant Win-

ders, who entered under the plaintiffs, but failed to pay the rent on demand and thereby became indebted to the plaintiffs in the sum of $480 and interest. The lease provided that if the lessee should fail to perform any of its conditions for ten days after notice by the lessor of such failure, the latter might re-enter without notice to quit. Winders took possession of the leased premises in December, 1905, and having failed for ten days, after due notice, to pay the rent, the plaintiffs brought summary proceedings before a justice of the peace to oust him. Judgment was given for the plaintiffs, and the defendants appealed to the Superior Court and gave bond in the sum of $540 to stay the execution or writ of possession, which was conditioned as follows: "If the said Winders shall pay any judgment, which in this or any other action the plaintiffs may recover for the rent of said premises and for damages for the detention thereof, this obligation shall be void; otherwise it shall remain in full force and effect." The penalty of the bond was increased by order of the Superior Court to $650; and a second bond for that amount was given, with a condition the same as the one in the first. C. F. Carroll was surety on the first bond and C. F. Carroll and W. L. Hill on the second. This suit was brought against J. B. Winders, C. F. Carroll and W. L. Hill to recover the overdue rent and interest, the plaintiffs further alleging that by reason of making the stay bond the defendants became indebted to them in the sum of $480 (the amount of the rent), with interest, and they pray specially for a recovery of the penalty of the bond to be discharged by payment of the said debt and the costs, and further for general relief.

The defendants demurred to the complaint. As the demurrer has been lost, we cannot state exactly its contents, but it would appear from the statements in the case and the

admissions in the briefs of counsel that the defendants joined in the demurrer and assigned more than one ground. They demurred generally for the reason that the plaintiffs cannot maintain the action at all, and specially because an action will not lie on the stay bond until there has been a judgment for the plaintiffs in the summary proceeding and a failure by the defendant Winders to pay the same, which is not alleged in the complaint. The Court overruled the demurrer, and the defendants excepted and appealed.

*Stevens, Beasley & Weeks* for plaintiffs.
*Rountree & Carr* for defendants.

WALKER, J., after stating the case: There are only two questions to be considered in this case: First, whether the plaintiffs can sue upon the bond given by the defendants to stay execution in the ejectment proceedings before they have recovered judgment therein, and, second, whether the demurrer, being joint, it should have been overruled if a cause of action is stated in the complaint against any one of the defendants.

The condition of the bond is that it shall be void if the defendant Winders shall pay any judgment, which, in the summary proceedings in ejectment or in any other action, may be recovered by the plaintiffs, and "otherwise," that is, if he fails to pay the judgment, the bond shall be of full force and effect, or, in other words, it shall be enforcible against him and his sureties. It would seem to be clear from the very words of the condition that an action on the bond will not lie until there has been a judgment for the plaintiffs in the ejectment proceedings or in a separate action, for the bond distinctly provides that such a recovery shall be a condition precedent to liability, and this is in accordance with the words of the statute. The bond is intended merely as a

security for such rents and damages as may be adjudged to the plaintiffs, and not for those which they fail to allege and show that they have recovered. The suability of the defendants in respect to the bond is therefore contingent, and depends upon the prior recovery, which must be shown by proper averment and proof. The precise question now presented seems to have been decided adversely to the plaintiff's contention in *Robeson v. Lewis,* 73 N. C., 107. See, also, *McMin v. Patton,* 92 N. C., 371, 376; *Hagan v. Culbertson,* 10 Watts, 393. The provision of the statute, as to the recovery of rent and damages in a suit other than the summary proceedings, was inserted no doubt because the amount of the rent and damages might often exceed the limit of the justice's jurisdiction, and so counsel suggested in the argument. As the plaintiffs do not allege that the event has happened which fixes liability on the bond, this action, as to the obligors, is premature.

As to the second question: The uniform rule prevailing under our present system is that, for the purpose of ascertaining the meaning and determining the effect of a pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties. Revisal, sec. 495. This does not mean that a pleading shall be construed to say what it does not, but that if it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it. *Buie v. Brown,* 104 N. C., 335. As a corrolary of this rule, therefore, it may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly

BLACKMORE *v.* WINDERS.

·gathered from it, the pleading will stand, however inartifi-
cially it may have been drawn, or however uncertain, de-
fective or redundant may be its statements, for, contrary to
the common-law rule, every reasonable intendment and pre-
sumption must be made in favor of the pleader. It must
be fatally defective before it will be rejected as insufficient.
4 Enc. Pl. and Pr., p. 74, *et seq.; Stokes v. Taylor,* 104
N. C., 394; *McEacin v. Stewart,* 106 N. C., 336; *Hal-
stead v. Mullen,* 93 N. C., 252; *Purcell v. Railroad,* 108
N. C., 414; *Holden v. Warren,* 118 N. C., 327. There
should, of course, be at least substantial accuracy in the
averments. *Norton v. McDevitt,* 122 N. C., 755. And, in-
deed, it is required that there should be not only certainty,
but clearness and conciseness, and also a compliance with
the other essential rules in the science of pleading, which
have been adopted for the purpose of evolving the real issues
from the controversy; but if there is any formal defect in
this respect, which renders the pleading unintelligible, or the
precise nature of the charge or defense be not apparent by
reason thereof, it can be corrected on motion (Revisal, sec.
496), or in some cases where there is a defective statement,
as the omission of a necessary allegation which can be cured
by amendment, a demurrer will lie. *Bowling v. Burton,*
101 N. C., 176; *Mizzell v. Ruffin,* 118 N. C., 69; *Ladd v.
Ladd,* 121 N. C., 118.

While the complaint in this case does not separately and
distinctly state a cause of action against Winders for the
overdue rent, as required by the Revisal, secs. 467 (3) and
469, and as one existing apart from the cause of action
based upon his liability, and that of his sureties, as obligors
in the stay bond, we yet think that the allegation of the
·indebtedness of Winders for the rent, though intended by the
pleader, perhaps, as matter of inducement, or an introduction

to the cause of action on the bond, as would appear from its placing or relative position in the pleading, may be regarded, by a liberal construction of the complaint, as a sufficient statement of a cause of action against him alone for the non-payment of the rent at its maturity. This is so, although the allegation was made *diverso intuitu.* The two causes of action—the one for the recovery of the rent against Winders on his contract as tenant to pay the same, and the other on the obligation of all the defendants as evidenced by the stay bond—are blended, when good pleading required that they should have been stated and numbered separately; but as this is merely a defect in form not specified in the demurrer and not objected to in any other way, we must hold that there is a cause of action against Winders for the recovery of the rent sufficiently stated in the complaint, and the demurrer as to that cause of action was properly overruled.

The plaintiffs contend that there being one good cause of action stated, though against only one of the defendants, as the demurrer is joint, it should be overruled as to all, and rely on *Conant v. Bernard,* 103 N. C., 315, to sustain the position. In that case there really was but one cause of action against all of the defendants to correct the deed of trust executed by Van Gilder to G. R. Conant for the tract of land described instead of to J. A. Conant and for a different tract, as was intended. The cause of action affected the defendants in the same degree and to the same extent, and the relief prayed for was practically the same against all of them: The complaint being sufficient as to one of the defendants, this Court overruled the demurrer as to all who had joined him in it, without inquiring into its sufficiency as to them. But the tenor of the opinion of the Court, speaking by *Justice Avery,* will disclose that stress was laid upon the fact of there being but a single cause of action and a general

demurrer to it. The case of *Cowand v. Myers,* 99 N. C., 198, is cited therein as ruling that, where there is only one cause of action, "the demurrer must be to it as a unity or it will be disregarded." *State v. Young,* 65 N. C., 579. So in each of the other cases cited by the Court (*Thompson v. Newlin,* 38 N. C., 338, and *Barnwell v. Threadgill,* 40 N. C., 86) the demurrer was to the bill as an entirety, there being only one cause of complaint, and the general rule then existing was applied, that a demurrer must be good throughout, for if it covers too much it will be overruled altogether. Pomeroy on Rem., sec. 577, is also cited for the proposition that "Where a demurrer is filed to several causes of action or to more than one defense, on the ground that no cause of action or no defense is stated, if there is a good cause of action in the one case or one sufficient defense in the other, the demurrer will be overruled as to all, and the same rule (the author says) also applies to a demurrer, for want of sufficient facts, by two or more defendants jointly; it will be overruled as to all who unite in it, if the complaint or petition states a good cause of action against even one of them." He admits that a different rule has been announced, and cites *Wood v. Olney,* 7 Nev., 109, where the subject is fully and ably discussed with reference to the old and to the new system of pleading and practice.

It will be observed that the authorities cited in *Conant v. Bernard, supra,* refer to a demurrer which denies that the pleading or any part of it contains the statement of a good cause of action or a valid defense and which attempts to sweep everything before it. But in our case the chief ground of demurrer, as admitted in both briefs, covers only the cause of action upon the bond, and to this extent it is several, although it may have contained objections to other parts of the complaint. This one ground is distinctly specified and the cause of action on the bond separately attacked. The

demurrer may therefore be treated as if confined to that cause of action only. 6 Enc. of Pl. and Pr., 320; *Railroad v. Sherwood,* 132 Ind., 129; *May v. Tel. Co.,* 112 Mass., 90; *People v. Lowthrop,* 3 Colo., 428. The case of *Kennagh v. McColgan,* 4 N. Y. Sup., 230, is directly in point.

But however this may be, the defendants now insist in this Court, on behalf of the sureties, that the action on the bond was prematurely brought, and treating this as a special or several demurrer *ore tenus,* we can pass upon the objection, though made here for the first time. Such a defect cannot be waived, and this Court can even notice it *ex mero motu* or without any suggestion from counsel. *Elam v. Barnes,* 110 N. C., 73; *Love v. Commissioners,* 64 N. C., 706; *Hunter v. Yarborough,* 92 N. C., 68; *Burbank v. Commissioners, ibid.,* 257. If the plaintiffs may recover against one of the defendants upon one of the causes of action, but it appears that they cannot recover against the other defendants upon the other cause of action, why permit them to proceed further in the Court below as to the latter? One of the leading advantages of the Code system is that it seeks to determine controversies and not to prolong them—to end litigation and not to extend it.

The demurrer has been lost, and the case has been argued and decided upon what appears from the record and briefs of counsel to be its contents. The lost pleading or paper should always be supplied by copy, as required by the statute (Revisal, sec. 504), before the cause is argued here.

The demurrer will be sustained as to the defendants who are sureties on the bond. To this extent the Court erred in overruling it and its judgment is accordingly modified. As to the defendant Winders, it is affirmed. The costs of this Court will be paid equally by the plaintiffs and the defendant Winders.

Modified.