W. H. BREWER v. J. S. WYNNE and J. P. STELL.

(Filed 5 April, 1911.)

1. Pleadings—Demurrer—Allegations Construed.

Upon demurrer to a complaint the allegations in the latter pleadings are to be accepted by the court as true, and if any portion of it, to any extent, states a cause of action, or a cause of action can be fairly gathered from it, the demurrer will be held as bad; for under our Code system of pleading the allegations must be liberally construed in favor of the one pleading them, to the end that substantial justice be done.

**2. Same—Officers.**

When the complaint in an action for damages for unlawful arrest alleges the wrongful acts to be committed by defendants, as individuals, and not in their capacity as officers of a municipal corporation, a demurrer is held as bad which is based upon the position that the defendants were not acting in their individual capacity, but as officers of an incorporated city.

**3. Same.**

A complaint states a cause of action which alleges damages for an unlawful arrest and assault by defendants without warrant or lawful complaint, and a demurrer is bad which is based upon the defense that defendants were acting as officers of an incorporated city, when the complaint alleges their acts as individual ones.

APPEAL by defendant from *Cooke, J.,* at October Term, 1910, of WAKE.

This is an appeal from a judgment overruling a demurrer to the complaint.

The complaint is as follows:

"The plaintiff, complaining of the defendants, alleges:

"That on 16 February, 1910, while the plaintiff was engaged in the conduct of his business, in the city of Raleigh, said county and State, the defendants, J. S. Wynne and J. P. Stell, without any lawful complaint or warrant, unlawfully and wrongfully, with force and arms, assaulted the plaintiff and procured and caused the arrest of and assisted in the arrest of the plaintiff, and then and there unlawfully, wrongfully, and forcibly imprisoned him in the common prison of said city, and there detained him in imprisonment for the space of one-half hour.

"2. That no warrant was ever issued thereafter charging the plaintiff with any offense, and when the matter came on to be heard before Alex. Stronach, Esq., the police justice of the city of Raleigh, on the following day, there being no warrant or charge or evidence against the plaintiff, a *nol. pros.* was entered by the said police justice and the plaintiff was discharged, which *nol. pros.* and discharge was prior to the institution of this action.

"3. That in unlawfully and wrongfully assaulting the plaintiff and procuring and causing the arrest and imprisonment of

the plaintiff as aforesaid, and in unlawfully and wrongfully making said arrest and imprisonment, the said defendants acted with gross negligence, malice, insult, and willful oppression and without probable cause.

"4. That by reason of the aforesaid gross negligence, malice, insult, and oppression of the defendants in procuring and causing the arrest and imprisonment of the plaintiff as aforesaid, and in arresting and imprisoning the plaintiff as aforesaid, and by reason of said unlawful and wrongful assault, arrest, and imprisonment, he, the plaintiff, suffered great humiliation and injury to his feelings and also great mental and physical pain, loss of time from his occupation, as well as great injury to his name, reputation, and business, to his damage $25,000.

"Wherefore the plaintiff prays judgment against the defendants for the sum of $25,000 damages and for the costs of this action."

The defendants filed separate demurrers, but the same questions are raised in each, and the demurrer of the defendant Wynne alone is given:

"The defendant J. S. Wynne demurs to the complaint in this cause, upon the grounds:

"1. That said complaint does not state facts sufficient to constitute a cause of action.

"(*a*) In that the complaint alleges that the defendants J. S. Wynne and J. P. Stell 'unlawfully and wrongfully assaulted the plaintiff,' while engaged in his business, but fails to state any fact showing the nature of such business, or any facts showing that such assault, if there was any, was illegal; and the assault complained of is not sufficiently and legally set out, and the addition of vituperative words does not state facts sufficient to constitute a cause of action, and said defendant requests that this part of said complaint be stricken out and the action be dismissed at the cost of the plaintiff.

"(*b*) In that the complaint charges in general terms, with the addition of vituperative words, that the defendants 'procured and caused the arrest of' the plaintiff, but fails to state in what manner this procurement and causing of the said arrest (if

any) of the plaintiff was illegal; and that the procurement and causing of the arrest complained of is not sufficiently and legally set out; and the defendant prays that this part of the complaint be stricken out and the action be dismissed at the cost of the plaintiff.

"(c) In that it charges in general terms, with the addition of vituperative words, that the defendants 'assisted in the arrest of the plaintiff,' but fails to state by whom such arrest (if any) was made and in what manner such arrest (if any) was illegal or in what manner the assistance in such arrest (if any) was illegal, or in what illegal manner the defendant assisted in such arrest (if any); and that the assistance complained of is not sufficiently and legally set out; and the defendant prays that this part of said complaint be stricken out and that this action be dismissed at the cost of the plaintiff.

"(d) In that the complaint alleges in general terms, with vituperative words, that the defendant 'imprisoned the plaintiff in the common prison of the said city and there detained him in imprisonment for the space of one-half hour'; but fails to state any facts showing in what character such imprisonment was made by such defendant (if there was any imprisonment), or that this imprisonment (if there was any) was illegal, or by whom the imprisonment (if any) was made, and that such imprisonment (if made) was illegal; and that said imprisonment (if any) complained of is not sufficiently and legally set out; and the said defendant prays that this part of said complaint be stricken out and that this action be dismissed at the cost of the plaintiff.

"2. The said complaint is defective in the joinder of parties defendant, and there is a misjoinder of the parties defendant in that if the defendant J. P. Stell committed any illegal act which makes him responsible to the plaintiff, the defendant J. S. Wynne has committed no illegal act, as attempted to be alleged in this complaint, and is not responsible for any such act to the plaintiff.

"Wherefore the defendant J. S. Wynne prays that this action be dismissed and that the plaintiff be taxed with the costs of this action."

*Armistead Jones & Son, Douglass, Lyon & Douglass, and Holding & Snow for plaintiff.*
*Walter Clark, Jr., and Jones & Bailey for defendants.*

ALLEN, J. It has been held in numerous cases in this State that a demurrer admits all of the allegations of the complaint (*Bond v. Wool,* 107 N. C., 139; *Loughran v. Giles,* 110 N. C., 426; *Merrimon v. Paving Co.,* 142 N. C., 539; *Wood v. Kincaid,* 144 N. C., 393), and the duty is imposed upon the courts by statute to construe the allegations liberally.

The law and the reasons for it are clearly and accurately stated by *Chief Justice Clark* in *Stokes v. Taylor,* 104 N. C., 395: "Under the common-law rules of pleading, the requirement of accuracy and precision was often pushed to the extreme. There have been cases where the rights of litigants were determined, not on the merits of the controversy, but on such technicalities as the pleader having unfortunately used the word 'had' in the past tense, instead of 'have' in the present tense. Even in the modern reports of Meeson and Welsby, instances of almost equal absurdity and refinement are to be found. These ideas were entirely abrogated in this country by the Codes of Civil Procedure wherever adopted. In England, after a series of improvements, beginning in 1834, when the celebrated 'Rules of Hilary Term' were adopted, the British Parliament has swept them out of the English law and has introduced the substance of the American Reformed Civil Procedure. Pomeroy Civil Remedies, sec. 509. The rule of the common law was that every pleading should be construed strongly against the pleader. The Code system is just the reverse. 'In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties' "; and by *Justice Walker* in *Blackmore v. Winders,* 144 N. C., 215: "The uniform rule prevailing under our present system is that, for the purpose of ascertaining the meaning and determining the effect of a pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties. Revisal, sec. 495. This does not mean that a pleading shall be construed to say what it does not, but

that if it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it. *Buie v. Brown,* 104 N. C., 335. As a corollary of this rule, therefore, it may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient."

Applying these principles to the allegations of the complaint, we think there was no error in overruling the demurrer.

The complaint alleges that while the plaintiff was at his place of business the defendants unlawfully and wrongfully assaulted him; that, without warrant or lawful complaint, they wrongfully and unlawfully arrested him, and then and there wrongfully and unlawfully imprisoned and detained him, and thereby caused him damage.

It may be that none of these allegations are true, but the demurrer admits their truth, and for the purposes of this appeal we must accept them as admitted facts, and as such no one can doubt that they constitute a cause of action.

The complaint in *Warren v. Boyd,* 120 N. C., 58, is similar to the one in this case, if we eliminate the allegation that Boyd was an officer, except more is alleged in this case. The action was to recover damages for false imprisonment, and the plaintiff alleged that he was arrested and imprisoned without legal process or color thereof, and in wanton and reckless disregard of his rights. *Chief Justice Clark,* speaking for the Court, says: "The complaint further alleges that Boyd, acting as constable in and for said township and county, and under color of his office, arrested the relator and imprisoned him, and that

such arrest and imprisonment was without legal process or color thereof, *i. e.,* was illegal and without authority of law, and was in wanton and reckless disregard of his rights, *all of which are admitted by the demurrer."*

The complaint was held to be good, although it appeared therefrom that the defendant was acting as an officer at the time of the alleged arrest and imprisonment.

It was suggested on the argument that the defendants in this case were acting as officers at the time of the acts complained of, but we cannot consider this, as it does not appear on the record, and the complaint purports to sue them as individuals. If true, the defendants can, of course, set up their official position and authority in justification.

A learned and instructive note on the civil liability of officers for false imprisonment will be found in vol. 4, Am. and Eng. Anno. Cases, 325.

The second ground of demurrer is equally untenable. The complaint contains the same allegations against both defendants, and if it states a cause of action as to one defendant, it does so as to both.

We find no error.

Affirmed.