PEARL SCOTT WALKER ET ALS. v. D. W. WOODHOUSE ET ALS.

(Filed 17 September, 1919.)

1. Trusts—Interest—Necessaries—Verdict.

   Where a sum of money is held in trust for the minor daughter of the trustor until she shall become twenty-one years of age, allowing the sum of one hundred dollars to be expended for her education, and it is established by the verdict of the jury that this and an additional amount was expended by the trustee for her necessary expenses during her minority, including those of her marriage, and that under the terms of the trust the trustee had kept the money separate from his own, and that he was not chargeable with interest thereunder: *Held*, the amount expended for necessaries was properly deducted from the trust fund in making the settlement with the *cestui que trust*, and no interest was chargeable to the trustee therein.

2. Pleadings—Answer—Interpretation—Trusts—Conditions—Issues.

   Under our Code practice an answer must be liberally construed as a whole, and technical inaccuracy or lack of precision will not deprive the defendant of a defense, if any portion thereof presents facts sufficient, or

if allegations of sufficient facts may be gathered from it, every reasonable intendment and presumption being in favor of the pleader; and where in one paragraph of the answer the defendant, trustee, in an action by the *cestui que trust*, admits having the trust fund and tenders it "whenever she executes" a certain deed, and consents to judgment against him therefor upon her executing this deed, in other paragraphs of the answer, it is sufficient to raise the issue as to the execution of the deed being a condition under which the defendant was required to pay over the trust funds.

APPEAL by all parties from *Devin, J.,* at March Term, 1919, of CUR-RITUCK.

This action was instituted by the plaintiff to recover the sum of $1,000 and interest alleged by her to have been bequeathed to D. W. Wood-house to hold in trust for the plaintiff by and under the terms of the will of Hiram Gregory, deceased. The defendant answered, admitting that he had received $1,000, but denying that he had received such amount, or any part thereof, under the terms of said will, and averring that he had received same during the lifetime of Hiram Gregory under a parol agreement whereby he was to hold same in trust for the plaintiff. The allegations of the defendant with respect to the trust, under the terms of which the jury found he held said money, are set out in sections ten, fifteen and sixteen of the answer, as follows:

"10. For further defense the defendants aver that shortly before the death of Hiram Gregory, grandfather of the feme plaintiff, the said Gregory left with the defendant Woodhouse the sum of $3,000, which, by agreement, was to be placed in the safe of the said Woodhouse and to remain there until his grandchildren, May, Elsie and Pearl Scott, should become twenty-one years of age, at which time the said defendant was to pay over to said three grandchildren $1,000 each out of the money so left, without interest, with the right to expend as much as $100 on each child for education. And with this understanding and agreement the said D. W. Woodhouse accepted the $3,000, and has kept the same separate and apart for the said grandchildren in his safe, and has not used it or mingled it with his own funds, but has at all times kept it in his safe in accordance with the request and agreement made with Hiram Gregory and referred to in his will."

"15. The defendant Woodhouse admits and has always admitted that he has in hand of the $1,000 left with him for the feme plaintiff upon her execution of her interest in the deed after she became twenty-one years of age the sum of $429.12, which he herewith tenders to the plaintiff, and has always been ready to pay the same over to her; that the money is now in his safe and has been in his safe and ready to be paid over to her whenever she executed the deed as set out in the will. He also owes her $81.40, with interest thereon from 15 April, 1910, being

the amount which he received from S. M. Beasley, executor of Hiram Gregory, the grandfather of feme plaintiff; that he has always been ready to settle this with her when she became of age, and does hereby tender it to her with interest."

"16. The defendant consents that upon execution of the deed by plaintiffs as stipulated in the will the plaintiffs may have judgment against him for the above amounts so tendered and the cost up to the filing of this answer and the final judgment, and that a decree may be so entered."

The defendant, trustee, further contended that of the $1,000 so received he had advanced the plaintiff during her minority at her request the sum of $570.80 for necessaries, which she promised to pay out of said sum, of which $200 had been advanced for the purpose of meeting her expenses incidental upon her marriage. Plaintiff was married at the age of sixteen. The plaintiff admitted that the defendant had expended $570.80 for her benefit and at her request, but contested her liability to be charged therewith unless the defendant consented to pay interest, which he refused to do because by the terms of the trust he was to pay no interest and was to keep the money in his safe for the plaintiff, which he did. Upon the third issue, to wit, "What amount has defendant paid out for necessaries for plaintiff prior to her coming of age?" plaintiff in apt time requested the court to charge the jury as follows:

"The court instructs you that, upon all the evidence in this case if you find the facts to be as testified, your answer to the third issue should be $100; that in no view of the case can you answer said issue in a larger amount."

Refused, and plaintiff excepted.

The defendant offered evidence tending to prove that it was one of the conditions of the trust that the plaintiff should execute a deed to Hiram, the grandson of Hiram Gregory, conveying to him her interest in what is known as the Hobbs tract of land before receiving any part of the money, and tendered an issue to be submitted to the jury involving this question.

His Honor excluded the evidence and refused to submit the issue upon the ground that the answer did not allege that this was a part of the trust, and the defendant excepted to each of these rulings.

The jury returned the following verdict:

1. Did the defendant receive the sum of one thousand dollars under the will of Hiram Gregory to hold in trust for the plaintiff, Pearl Scott Walker, as alleged in the complaint? Answer: "No."

2. Did the defendant Woodhouse receive the sum of $1,000 from Hiram Gregory during his lifetime to hold in trust for the plaintiff, Pearl Scott Walker, as alleged in the answer? Answer: "Yes."

3. What amount has defendant paid out for necessaries for plaintiff prior to her coming of age? Answer: "$370.80."

Judgment was entered thereon in favor of the plaintiff for the sum of $1,000, subject to a credit of $370.80, and the plaintiff appealed upon the ground that the defendant could not be credited with more than $100.

The defendant also appealed, alleging as error the refusal to admit evidence and to submit the issue as to the execution of the deed by the plaintiff conveying her interest in the Hobbs tract.

*Meekins & McMullan and Thompson & Wilson attorneys for plaintiff.*

*Aydlett, Simpson & Sawyer and Ehringhaus & Small attorneys for defendant.*

ALLEN, J. There is no error on the plaintiff's appeal as the limitation on the amount to be expended by the trustee in behalf of the plaintiff refers only to the education of the plaintiff, and as the jury has found, and she practically admits, that the sum of $370.80 was advanced by the defendant at her request and for necessaries, it was proper to charge her with this amount.

The defendant is not chargeable with interest because the jury has found that he received the sum of $1,000 to hold in trust as alleged in the answer, and the answer alleges that the trust was accepted with the understanding that he was not to be charged with interest and was to keep the money in a safe separate and apart from other funds, which he did.

The question presented by the defendant's appeal depends upon a construction of the answer as it is clear that he was entitled to offer evidence as to all of the terms of the trust and to have an issue submitted thereon if the pleadings raised the issue.

His Honor was of opinion that the terms of the trust were alleged in section 10 of the answer, and as the plaintiff failed therein to allege that the plaintiff was required to execute the deed before receiving any part of the money left with him, the evidence was not competent because there was no allegation and that no such issue was raised by the pleadings, but under the Code system which prevails in this State the answer must be considered as a whole; it must be "liberally construed," and if it can be seen from its general scope that a defense is alleged, the fact that it has not been stated with technical accuracy or precision will not deprive him of the defense. If in any portion of the pleading it presents facts sufficient to constitute a defense or if facts sufficient for that purpose can be gathered from it, the pleading will stand as every reasonable intendment and presumption must be made in favor of the pleader.

*Brewer v. Wynne,* 154 N. C., 472, and applying this principle we are of opinion that the defendant sufficiently alleges that the plaintiff was required to execute the deed as a condition to receiving the money.

In section 15 of the answer the defendant admits that he has the money in hand "left with him for the feme plaintiff upon her execution of her interest in the deed after she became twenty-one years of age," and he tenders the balance due which he says he is ready to pay "whenever she executed the deed"; and in section 16 the defendant consents for judgment to be entered against him for the balance due "upon the execution of the deed to the plaintiff."

It would have been better and more orderly for the defendant to have set out all of the terms of the trust in section 10 of the answer, but upon an inspection of the whole pleading it is a reasonable and fair construction that section 10 was directed particularly to those parts of the trust by which the amount to be recovered would be ascertained, and sections 15 and 16 to the condition upon which she would be entitled to the money.

It is therefore ordered that the judgment upon the plaintiff's appeal be affirmed and that upon the defendant's appeal it be reversed with directions to submit an additional issue as tendered by the defendant. The issues as found by the jury will not be disturbed.

Plaintiff's appeal affirmed.

Defendant's appeal reversed.