MRS. A. M. FARRELL v. THOMAS AND HOWARD COMPANY.

(Filed 10 May, 1933.)

**1. Pleadings D e—Upon demurrer the allegations of the complaint are taken as true and are to be liberally construed.**

Upon a demurrer the allegations of the complaint and the reasonable inferences therefrom are deemed admitted, and the demurrer will be overruled if any part of the complaint presents facts sufficient to constitute a cause of action or such facts can be reasonably inferred therefrom by a liberal construction with a view to substantial justice between the parties. C. S., 535.

**2. Negligence A c—Complaint held to state cause of action for negligent injury from unsafe condition of premises.**

A complaint alleging in substance that plaintiff was an invitee on defendant's premises, that the steps leading from defendant's office were in an unsafe condition to defendant's knowledge, and that defendant knowingly failed to use due care to provide reasonably safe steps, and that plaintiff was injured as a proximate result thereof when she fell while attempting to leave defendant's office where she had gone on business as an invitee, is held to sufficiently allege a cause of action, and defendant's demurrer thereto was properly overruled.

**3. Negligence D a: Pleadings D a—**

Contributory negligence is a matter of defense and must be alleged and proven, C. S., 523, and it may not be taken advantage of by demurrer, and defendant's remedy to confine plaintiff to one of several acts of negligence is by application for a bill of particulars and not by demurrer.

APPEAL by defendant from *Cowper, Special Judge,* at October Term, 1932, of MECKLENBURG.

This is an action to recover damages for personal injury. The plaintiff owns and conducts a retail store on Highway 27 in Cabarrus County; the defendant is a corporation engaged in a general wholesale grocery business in the city of Charlotte. On 6 June, 1932, the plaintiff went to the defendant's place of business as a customer, and while going down the steps leading from the defendant's office to the sidewalk, she was thrown violently from the steps to the sidewalk and was injured.

The allegations of negligence are as follows:

6. That the above injuries and damages herein set forth were caused and occasioned by and followed as a direct and proximate result of the negligence of the defendant in that the said defendant maintained and kept the steps which lead from its office to the sidewalk in a dangerous and unsafe condition in that the bricks in said steps were badly worn and uneven and had dangerous holes therein, and that the bricks at the

edge of the steps were particularly badly worn and uneven, and that the mortar joints between the bricks were uneven and higher than the level of the bricks, and at the time this plaintiff fell thereupon they were in a most dangerous and unsafe condition, which condition was known to the defendant or should have been known by the exercise of reasonable care, and that the maintaining and keeping of said steps in such condition for the use of its customers, as the plaintiff was at the time of receiving said injuries, was gross negligence on the part of the defendant, and that said negligence was the direct and proximate cause of the injuries of the plaintiff as heretofore set forth.

7. That the above described injuries received by this plaintiff followed as a direct and proximate result of the negligence of the defendant in that said defendant knowingly, wilfully and negligently failed to use due care in providing its customers and other invitees, and more especially this plaintiff, with reasonably safe steps upon which to enter and leave its office, which customers are invited to come to its place of business, and that the defendant knew or should have known by the exercise of reasonable care that the said steps were in a dangerous and unsafe condition for the use of its customers and other invitees, and further that the defendant knowing the dangerous and unsafe condition of said steps negligently failed to warn or notify this plaintiff of the dangerous and unsafe condition of said steps and the impending danger of using the same.

8. That by having received the injuries above described, which was the direct and proximate result of the negligence of the defendant as hereinbefore set forth, this plaintiff has been greatly damaged.

The defendant demurred to the complaint on two grounds:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. That there are no facts alleged in the complaint which facts, if true, constitute actionable negligence as the proximate cause of the injury which the plaintiff alleges she may have suffered.

The court overruled the demurrer and the defendant excepted and appealed.

*Scarborough & Boyd and Fred H. Hasly for plaintiff.*
*James E. Gay, Jr., and J. F. Flowers for defendant.*

ADAMS, J. The demurrer admits all the allegations of the complaint and all inferences that may reasonably be deduced from it under a liberal construction of its terms. *Hendrix v. R. R.,* 162 N. C., 9; *Brewer v. Wynne,* 154 N. C., 467. For the purpose of ascertaining its meaning and determining its effect as a pleading its allegations will be liberally

construed with a view to administering substantial justice between the parties. C. S., 535; *Bank v. Duffy,* 156 N. C., 83. In *Hartsfield v. Bryan,* 177 N. C., 166, it was held that a complaint will be sustained as against a demurrer if any part of it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be inferred by a liberal interpretation of the plaintiff's allegations.

Tested by these principles the judgment overruling the demurrer should be sustained. The material allegations are that the plaintiff went upon the premises of the defendant as an invitee; that the steps leading from the office to the sidewalk were in an unsafe condition; that the bricks in the steps were badly worn and uneven, some of them made particularly dangerous by the holes in them; that the mortar joints between the bricks were higher than the level of the steps; that the defendant knew that the entrance to the office was unsafe and dangerous to the defendant's customers and invitees; that the defendant knowingly, negligently, and wilfully failed to use due care in providing reasonably safe steps; that while on the steps and in the act of leaving the defendant's premises the plaintiff was thrown to the sidewalk and injured; that the heel of her shoe caught upon the steps and was pulled from her shoe; and that the negligence of the defendant was the direct and proximate cause of the plaintiff's injury.

The defendant owed to the plaintiff as its invitee the duty to exercise ordinary care for her safety in going into and retiring from the office. *Ellington v. Ricks,* 179 N. C., 686. Whether the plaintiff was negligent is a matter of defense and must be set up in the answer and proved on the trial. C. S., 523. If the defendant claims the right to confine the plaintiff to any one of the several acts of negligence set forth in the complaint its remedy is not a demurrer but an application for a bill of particulars. *Bristol v. R. R.,* 175 N. C., 509. Judgment

Affirmed.