SUSAN B. ANTHONY, BY HER NEXT FRIEND, JOHN S. MICHAUX, v. HOLT KNIGHT, DR. W. P. KNIGHT, MOTOR FREIGHT CORPORATION, AND A. A. BAREFOOT.

(Filed 19 May, 1937.)

**1. Pleadings § 20—**

Upon demurrer, the complaint will be liberally construed and every reasonable intendment and presumption will be made in favor of the pleader. C. S., 535.

**2. Automobiles § 19—Complaint held to state facts sufficient to constitute cause in guest's favor against driver and owner.**

The complaint alleged that the car in which plaintiff was riding as a guest was driven at seventy miles per hour approaching an intersection in a city without keeping a proper lookout and without warning, and collided with a truck driven into the intersection from the other street without first stopping as required by ordinance of the city. *Held:* The complaint states a cause of action for negligence of the driver of the car in which plaintiff was riding, and does not state facts warranting the deduction of intervening negligence on the part of the truck driver insu-

lating the negligence of the driver of the car, nor that the truck driver's negligence was the sole proximate cause of the injuries, and demurrers of the owner of the car and the driver thereof were properly overruled.

APPEAL by defendants Holt Knight and W. P. Knight from *Armstrong, J.,* at January Term, 1937, of GUILFORD. Affirmed.

Action for damages for personal injury sustained as result of collision of the automobile of defendant W. P. Knight, driven by defendant Holt Knight, with the truck of defendant Motor Freight Corporation, driven by defendant Barefoot. Plaintiff was a passenger in the Knight automobile.

Plaintiff alleged the concurrent negligence of the defendants proximately causing or contributing to her injury. Defendants Knight demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action as to them, and, also, on the ground of misjoinder of parties and causes of action.

From judgment overruling the demurrer, defendants Holt Knight and W. P. Knight appealed.

*Smith, Wharton & Hudgins for plaintiff.*
*Frazier & Frazier for Holt Knight and W. P. Knight.*

PER CURIAM. For the consideration of a demurrer, both the statute and the authoritative decisions of this Court require that the complaint be liberally construed and that every reasonable intendment and presumption be made in favor of the pleader. C. S., 535; *Blackmore v. Winders,* 144 N. C., 212. Applying this rule, it is apparent that the plaintiff has alleged facts sufficient to constitute actionable negligence on the part of the demurring defendants.

The allegation that the defendant Holt Knight recklessly drove the automobile at a speed of seventy miles per hour approaching the intersection of two much traveled streets in the city of Greensboro, without keeping a proper lookout and without warning, and collided at the intersection with the truck of defendant Motor Freight Corporation, which had been negligently driven into the intersection slightly prior to the time the automobile entered the intersection, may not be overthrown by a demurrer.

Nor can the allegation of negligence, as against the defendants Motor Freight Corporation and Barefoot, that they drove the truck into the intersection of said street without stopping, in violation of an ordinance of the city of Greensboro, and without looking for approaching vehicles, be held to support the necessary conclusion that the negligence of the driver of the truck constituted a new and intervening cause, breaking the chain of causation and insulating the negligence of the demurring

defendants. All the facts necessary to render applicable the doctrine of insulated negligence set forth in *Hinnant v. R. R.*, 202 N. C., 489, do not appear on the face of the complaint, nor are they necessarily deducible therefrom. *Vivian v. Transportation Co.*, 196 N. C., 774; *Caddell v. Powell*, 70 Fed. (2nd), 123.

Neither does it affirmatively appear that the negligence of the driver of the truck was the sole proximate cause of the injury.

It follows, therefore, if the complaint states a cause of concurrent negligence against all the defendants, there has been no misjoinder of parties and causes of action.

There was no error in overruling the demurrer.

Affirmed.