A. N. PEARCE AND WIFE, ADNA ALMA PEARCE, v. M. G. PRIVETTE AND WIFE, MARTHA PRIVETTE.

(Filed 4 May, 1938.)

1. **Pleadings § 20—**

The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact therein contained and the relevant inferences of fact necessarily deducible.

2. **Same—**

A pleading should be liberally construed upon a demurrer, and every reasonable intendment and presumption made in its favor, and the demurrer should be overruled unless the pleading is wholly insufficient. C. S., 535.

3. **Highways § 14—Petition for establishment of neighborhood public road need not allege right of easement in petitioners.**

Petitioners alleged that they had used a road over defendant's land for fifty years in going from petitioners' farm to the public highway, that such road was the only means of ingress and egress from petitioners' farm to the highway, that respondents had blocked the road, and prayed that if respondents did not open up the road for use by petitioners, that the court appoint a jury of view to lay off a roadway as an outlet for petitioners. Respondents demurred on the ground that petitioners did not allege a right of easement over respondents' land by grant, necessity

or prescription. *Held:* Petitioners are not asserting a vested right over the road barricaded by respondents, and the demurrer should have been overruled, since the petition is sufficient to state a cause of action for the establishment of a neighborhood public road under the provisions of C. S., 3836.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Sinclair, J.,* at February Term, 1938, of FRANKLIN.

Special proceedings for the establishment of a cartway over the lands of defendants.

Petitioners filed petition before the clerk of the Superior Court of Franklin County and allege in substance: That they are the owners of tract of land in Dunns Township, in said county; that the defendants are the owners of a tract of land in said township, which adjoins and lies east of and between petitioners' land and the public highway known as the Louisburg-Zebulon Road; that for more than fifty years the petitioners and their predecessors in title and the public generally have used for passing and repassing a road which extends across the defendants' land from the petitioners' land and points west thereof to Louisburg-Zebulon Road; "that this roadway is the only outlet which the petitioners have from their farm to said public highway, . . . and said roadway is the only means of ingress to the petitioners' said farm and egress therefrom, and said road and roadway is necessary and essential for continual daily use, as it has been so used throughout the years . . ."; that the defendant M. G. Privette has blocked said roadway, and forbidden and thereby prevents the petitioners to use it; and "7. That as a result of the said blocking and barricading of said roadway by the defendants, . . . they will have no adequate means of transportation affording necessary and proper means of ingress to their said land and egress therefrom, and the petitioners allege that it is reasonable and just and proper that they be permitted to use said roadway which has been blocked by the defendants or have established or provided for them another way or outlet across defendants' said lands to said public highway."

Petitioners upon such allegation pray that, in the event defendants do not remove the barricade and open the roadway for free and uninterrupted use by the petitioners, the court appoint a jury of view, and lay off a roadway as an outlet for and for use by the petitioners.

Defendants demur to the petition for that it does not allege facts sufficient to constitute a cause of action against the defendants in that:

"1. No right to the relief demanded is alleged in the said petition to be in said plaintiffs by virtue of any title to any easement upon the lands of these defendants.

"2. No easement is alleged to be held by the plaintiffs against or upon the lands of the defendants by virtue of any express grant, or estoppel, or way of necessity, or implication or reservation, or condemnation.

"3. No easement is alleged to be held by the plaintiffs against or upon the lands of the defendants arising out of prescription, through uninterrupted, peaceable, clear, notorious and continuous adverse user of any such easement, under claim of right and with intent to use adversely to these plaintiffs or to their predecessors in title, for twenty years.

"4. The said petition does not allege facts sufficient, by any reasonable intendment, to rebut the presumption that the alleged user was solely by permission license and consent, revocable at any time."

From judgment sustaining the demurrer, plaintiffs appealed to the Supreme Court, and assign error.

*Yarborough & Yarborough and R. L. McMillan for plaintiffs, appellants.*

*Charles P. Green for defendants, appellees.*

WINBORNE, J. Did the court below err in sustaining the demurrer? We think so.

"The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom are also admitted, . . ." *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Andrews v. Oil Co.,* 204 N. C., 268, 168 S. E., 228; *Toler v. French, ante,* 360.

Both the statute, C. S., 535, and decisions of this Court require that the pleading be liberally construed, and every reasonable intendment and presumption must be in favor of the pleader. It must be fatally defective before it will be rejected as insufficient. *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874; *Brewer v. Wynne,* 154 N. C., 467, 70 S. E., 947; *Hartsfield v. Bryan,* 177 N. C., 166, 98 S. E., 379; *Public Service Co. v. Power Co.,* 179 N. C., 18, 101 S. E., 593; *Farrell v. Thomas & Howard Co.,* 204 N. C., 631, 169 S. E., 224; *Scott v. Ins. Co.,* 205 N. C., 38, 169 S. E., 799; *Anthony v. Knight,* 211 N. C., 637, 191 S. E., 323; *Toler v. French, supra.*

Applying these principles to the allegations of the petition, when read in connection with the provisions of C. S., 3836, under which petitioners are proceeding, a cause of action is sufficiently alleged. C. S., 3836, provides in part in so far as it is here pertinent: "If any person . . . shall be engaged in the cultivation of any land . . . to which there is leading no public road or other adequate means of transportation affording necessary and proper means of ingress thereto and egress therefrom, such person . . . may institute a special proceeding as

set out in the preceding section and if it shall be made to appear to the court necessary, reasonable and just that such person shall have a private way to the public road . . . over the lands of other persons, the court shall appoint a jury of view . . . to view the premises and lay off a cartway . . ."

The demurrer appears to be predicated upon the theory that petitioners are asserting a vested right in and to the road which petitioners allege defendants have "barricaded and blocked." Such is not the case. Petitioners allege that this old road has been used for fifty years, and they invite defendants to open it to their use, but, if not, then they pray that a cartway be laid off in accordance with the statute, C. S., 3836. For this purpose, when liberally interpreted, the allegations of the petition are sufficient.

The judgment below is
Reversed.

SEAWELL, J., took no part in the consideration or decision of this case.