Civil action to recover on promissory note. Demurrer of plaintiff to answer of defendant is overruled.
Plaintiff alleges in substance that on 3 March, 1934, Roy E. Hanks executed and delivered to Surry Sales Company a certain promissory note in the sum of $724.96, payable in monthly instalments of $60.41, beginning one month after date and bearing interest at highest legal rate from maturity; that the note was endorsed by defendant; that from time to time certain payments were made on the note so that on 25 October, 1934, there was due thereon a balance of $500; that on 7 December, 1934, the Surry Sales Company, for value received, transferred the note to the plaintiff, and the plaintiff is now the owner thereof "for value and before maturity"; that default has been made in the payment thereof; and that defendant, by reason of his endorsement of same, is indebted to the plaintiff in the sum of $500 with interest thereon from 25 October, 1934.
Defendant admits the execution and delivery of the note by Roy E. Hanks; that defendant endorsed the same and that by reason of payments thereon the note had been reduced to $500 as alleged, but defendant denies that any amount is now due on said note and denies that the plaintiff is the owner of the note "for value and before maturity." Defendant avers that the note was given for the purchase price of an automobile to which be conditional sales agreement the Surry Sales Company retained that title as security for said note; that the defendant *Page 107 
refused to endorse the note unless and until the automobile was insured against loss and damage by fire and by theft; that an insurance policy in the sum of $500 was issued by the plaintiff covering such loss and damage, with loss payable to Surry Sales Company; that under these conditions and circumstances and on account thereof the defendant endorsed the note. Defendant further avers that on . . . . June, 1934, the automobile was destroyed, totally or partially, by fire, causing damage sufficiently in excess of the amount of insurance to entitle the "Surry Sales Company and/or Roy E. Hanks" to the full amount of the $500 policy; that the Surry Sales Company "duly filed a proof of loss as required by said policy of insurance; that the note and mortgage or conditional sales agreement had been endorsed by the Surry Sales Company to Surry County Loan Trust Company of Mt. Airy, North Carolina, and that while Surry County Loan 
Trust Company held said note and lien, this defendant was informed by an officer of said Surry County Loan Trust Company prior to one year from the date of the loss and damage to said automobile by fire, that the insurance company issuing said policy . . . had paid off and settled the loss and damage by payment of the $500 with interest, and that the note which this defendant had endorsed had been paid." The defendant further avers in substance that the local agent of plaintiff procured the Surry Sales Company "to take plaintiff's draft and pay off and discharge said note and mortgage, and had the officers of said Surry Sales Company transfer and assign said note to plaintiff without recourse, as this defendant is informed and believes; that this defendant avers that the said acts were done by the plaintiff through its agents in purposed secrecy as to this defendant so far as procuring a transfer of the note to the plaintiff and with intent then and there to cheat and defraud the defendant, the said plaintiff, in reality, doing nothing more than discharging its obligation under the insurance policy aforesaid in payment of the amount which it had contracted to pay in event of loss or damage to said automobile; . . . that, therefore, the plaintiff is not the holder in due course or for value of the note sued on in this action, and is not entitled to any moneys thereon . . .
In reply plaintiff sets up certain provisions of the policy with respect to the notice and proof of loss.
Plaintiff demurred ore tenus to the answer of defendant for insufficient allegation to constitute a legal defense.
From judgment overruling demurrer, the plaintiff appeals to the Supreme Court and assigns error.
We are of opinion and hold that the demurrer ore tenus was properly overruled.
"As to matters set up as defense the usual ground of demurrer is its insufficiency, and this may be taken by a formal demurrer or demurrer oretenus." McIntosh, N.C. Prac. Proc., 507, sec. 475.
"The office of demurrer is to test the sufficiency of a pleading, admitting for the purpose, the truth of the allegations of the facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted . . ." Stacy, C. J., in Ballinger v.Thomas, 195 N.C. 517, 142 S.E. 761; Andrews v. Oil Co., 204 N.C. 268,168 S.E. 228; Toler v. French, 213 N.C. 360, 196 S.E. 32; Pearce v.Privette, 213 N.C. 501, 196 S.E. 843.
Both the statute and decisions of this Court require that the answer be liberally construed, and every reasonable intendment and presumption must be in favor of the pleader. It must be fatally defective before it will be rejected as insufficient. C. S., 535. Blackmore v. Winders, 144 N.C. 212,56 S.E. 874; Brewer v. Wynne, 154 N.C. 487, 70 S.E. 947; PublicService Co. v. Power Co., 179 N.C. 18, 101 S.E. 593; Anthony v. Knight,211 N.C. 637, 191 S.E. 323; Toler v. French, supra; Pearce v. Privette,supra.
Whether a stranger to a note, who takes it up, buys it or extinguishes it, depends, ordinarily, on the circumstances surrounding the transaction.Wilcoxon v. Logan, 91 N.C. 449.
Applying these principles, and under liberal interpretation, the allegations of the answer and further defense sufficiently raised issues of fact.
The judgment below, which counsel for plaintiff state was prepared by them, taxes plaintiff with the costs of the action. In this there is error.
The judgment below is
Modified and affirmed.