ROBERT VINCENT v. LEGH R. POWELL, JR., AND HENRY W. ANDERSON, RECEIVERS OF SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 22 March, 1939.)

1. **Pleadings § 20—**

   The office of a demurrer is to test the sufficiency of a pleading, admitting for the purpose the truth of the allegation of fact and, ordinarily, relevant inferences of fact necessarily deducible therefrom, but the complaint will be liberally construed upon demurrer and must be fatally defective before it will be rejected as insufficient. C. S., 535.

2. **Principal and Agent § 10: Corporations § 25—Complaint liberally construed held sufficient to charge that slander was uttered by agent within scope of authority.**

   The complaint in this action for slander against the receivers of a corporation alleged that defendants' agent, while on duty, uttered the alleged slander. *Held:* The term "while on duty" means acting within the general scope of the employment, and is sufficient to admit of proof that the specific act complained of was within the agent's express or implied authority, and the allegation is sufficient as against demurrer.

APPEAL by defendants from *Parker, J.,* holding courts of Third Judicial District, 7 September, 1938, at Chambers in HALIFAX.

Civil action to recover damages for alleged slander, heard upon demurrer of defendants to amended complaint filed by plaintiff.

Pertinent portions of the complaint as basis for alleged damages are: "5. That on the 24th of April, 1938, the plaintiff was at Roanoke Junction, N. C., to meet a relative who was coming in on a train at 6:30 o'clock a.m. A bundle of *New and Observers,* in the custody or possession of defendants, were scattered on the ground and the plaintiff picked up one and was reading it when the night ticket agent of the defendants, while on duty, spoke of and concerning the plaintiff in the presence of divers and sundry people, in substance, the following false, malicious, and defamatory matter, to wit: Said ticket agent asked the plaintiff what he was doing, to which the plaintiff replied, 'I was reading a newspaper,' to which said agent stated, 'No, you are just stealing' (meaning a newspaper).

"6. The defendants intending by said matter to charge the plaintiff with the crime of larceny or embezzlement."

Defendants demur thereto for that the complaint does not state facts sufficient to constitute a cause of action, in that "(1) It is not alleged therein that the night ticket agent of the defendants was engaged in the defendants' business, or that he was acting within the scope of his employment when he uttered the alleged slanderous language.

"(2) It is not alleged therein that the act of the night ticket agent of defendants was expressly authorized by defendants or was ratified by defendants.

"(3) The facts alleged in the complaint show that the night ticket agent of the defendants was not engaged in the defendants' business and was not acting within the scope of his employment in uttering the alleged slanderous language."

The court, being of opinion that the amended complaint states a cause of action, decreed that the demurrer be overruled, from which ruling defendants appeal to the Supreme Court and assign error.

*J. Winfield Crew, Jr., and Geo. C. Green for plaintiff, appellee.*
*Murray Allen for defendants, appellants.*

WINBORNE, J. The appellants present this question: Does the complaint to which the defendants demur contain allegations sufficient to state a cause of action against the master for slander by a servant?

In considering this question we are of opinion that the court below followed the reasoning and reading of decisions of this Court.

"The office of demurrer is to test the sufficiency of a pleading, admitting for the purpose the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact, necessarily deducible

therefrom, are also admitted . . ." *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761. *Andrews v. Oil Co.,* 204 N. C., 268, 168 S. E., 228; *Toler v. French,* 213 N. C., 360, 196 S. E., 32; *Pearce v. Privette,* 213 N. C., 501, 196 S. E., 843; *Insurance Co. v. McCraw, ante,* 105.

Both the statute and decisions require that the complaint be liberally construed and every reasonable intendment and presumption must be in favor of the pleader. The complaint must be fatally defective before it will be rejected. C. S., 535. *Insurance Co. v. McCraw, supra,* and cases there cited.

"It is the accepted principle here and elsewhere that corporations may be held liable for both the willful and negligent torts of their agents, and that the principle extends to actions for slander when the defamatory words are uttered by express authority of the company or within the course and scope of the agent's employment." *Hoke, J.,* in *Cotton v. Fisheries Products Co.,* 177 N. C., 56, 97 S. E., 712. *Sawyer v. Gilmers,* 189 N. C., 7, 126 S. E., 183.

The question debated on this appeal is with respect to the application of the law. Do the words *"while on duty,"* in the connection here used, as a pleading, inferentially charge that the acts complained of were done "within the course and scope of the agent's employment?" If they are susceptible of that interpretation, the pleading is sufficient. If they are not, the pleading is lacking in an essential aspect.

In *Cook v. R. R.,* 128 N. C., 333, 38 S. E., 925, *Clark, C. J.,* speaking to the subject, said: " 'Acting within the general scope of his employment' means while on duty, and not that the servant was authorized to do such acts." This definition is brought forward and applied in *Munick v. Durham,* 181 N. C., 188, 106 S. E., 665; *Gallop v. Clark,* 188 N. C., 186, 124 S. E., 145; *Elmore v. R. R.,* 189 N. C., 658, 127 S. E., 710; *Ferguson v. Spinning Co.,* 196 N. C., 614, 146 S. E., 597. The principle may be conversely stated: While on duty means acting within the general scope of his employment, and not that the servant was authorized to do such acts. When thus considered, the present allegation that "when the night ticket agent of defendants, while on duty," spoke defamatory words of and concerning the plaintiff with respect to newspapers in the custody or possession of the defendants, when given liberal interpretation, is sufficient as a pleading to admit of proof that the duty of caring for and protecting the newspapers was encompassed in the course of the agent's employment, and that, at the time, the agent was acting within the general scope of his employment.

The subject of liability of the master or principal for the torts of a servant or agent, in the line of duty and in the scope of his employment, as well as of implied authority of the agent, has been recently discussed

by *Barnhill, J.*, in the cases of *Robinson v. McAlhaney*, 214 N. C., 180, 199 S. E., 26, and *West v. Woolworth, ante*, 211.   The decision here is consistent and consonant with well established principles there restated.

The judgment below is
Affirmed.