The plaintiff, a corporation organized under the laws of North Carolina engaged in the business of selling oil and gasoline, complained that some time in June, 1935, they leased of the defendants certain premises in Alamance County to be used as a filling station for a term of ten years, upon a monthly rental of $35.00 for each month of the first five years, and $40.00 for each month of the second five years.
It was further provided in the lease that the lessors would erect a gasoline service station on the premises according to plans of the lessee, and that the ten-year term should begin when the lessee approved of the station so completed. The station was completed as required on 14 September, 1935, and the ten-year period began on said date and plaintiff began paying the monthly rent from that time.
In August, 1937, in order to advance the payment of all the rentals due for the ten-year period and pay the same in one lump sum instead of by installment, an agreement was reached between the parties and a supplemental rent agreement was entered into whereby the lessee paid to the defendants, as lessors, the sum of $2,250.00, in full satisfaction of all monthly installments of rent during the unexpired portion of the ten-year lease contract. This payment was made as of 1 August, 1937, and the residue of said unexpired term amounted to eight years, one month and fourteen days.
The plaintiff, as lessee, occupied the premises as a service station until 11 November, 1938, when the service station building erected under the contract was completely destroyed by fire and the premises rendered unfit for occupancy as a gasoline service station.
It was provided in the rental lease contract, dated 29 June, 1935: "It is mutually agreed between the parties: that in the event the premises herein described and leased shall be rendered unfit for occupancy by fire or storm or any other cause, the rental named in this lease to be paid shall cause until such time as the property is again put into *Page 491 
satisfactory condition for occupancy, which shall be done at the expense of lessor, and which said lessor agrees to do forthwith, after said premises have been rendered unfit for use or occupancy, as aforesaid. If, for any reason, the said premises are not fully and completely restored, and again ready for occupancy within ninety (90) days, lessee may, at its option, cancel this agreement and everything herein contained."
The plaintiff complains that more than ninety days have elapsed since the building was destroyed by fire and the defendants, although demand has been made upon them, have failed and neglected to reconstruct the building and refuse to do so, and, further, that the plaintiff has surrendered possession under the terms of the lease.
Plaintiff further alleges that it has demanded the return to it of the portion of monthly rents advanced which will be applicable to the unexpired portion of the lease contract remaining after 11 November, 1938, the date of the destruction of the said premises by fire, and that the defendants have refused to return the same.
Plaintiff claims that by reason of the facts so alleged the defendants are indebted to it in the sum of $1,896.18, judgment for which, with interest and costs, it demands.
The defendants filed a demurrer to the complaint for the reason that it does not state sufficient facts to constitute a cause of action.
The demurrer was overruled and defendants appealed, assigning errors.
Without attempting to outline the future course of this action, we may say that the complaint sets up a modification of the original contract, whether oral or written does not appear, and the court is not now in possession of sufficient information to enable it to say with certainty, as a matter of law, that the plaintiff may not prevail in its action.Blackmore v. Winders, 144 N.C. 212, 216, 56 S.E. 874.
Whatever considerations led the defendants to demur at the present juncture may recur in the orderly development of the case under conditions which will enable the lower court, as well as this Court, to pass upon the matter with more precise information.
The judgment is
Affirmed. *Page 492