GEORGE W. SANDLIN v. JOHN G. YANCEY ET AL.

(Filed 11 October, 1944.)

**1. Pleading § 13½—**

A complaint is not to be overthrown by demurrer, if in any portion or to any extent, it states facts sufficient to constitute a cause of action.

**2. Same—**

Upon the examination of a pleading to determine its sufficiency as against a demurrer, its allegations will be liberally construed with a view to substantial justice, G. S., 1-151 (C. S., 535), and every reasonable intendment and presumption given the pleader, and the demurrer overruled unless the pleading is wholly insufficient.

**3. Contracts § 23—**

A complaint, alleging breach of a contract between plaintiff and defendant, whereby plaintiff and another were to survey lands purchased by defendant, divide the same into lots and sell the lots, the proceeds to be used first to pay the purchase price for the lands, all costs and expenses and taxes and the remaining lands held by defendant for the benefit of all three parties to the contract, that all costs, expenses and taxes have been paid according to the contract, that defendant holds the remaining lands claiming same as sole owner, and plaintiff asking for an accounting, states a cause of action and there was error in sustaining a demurrer.

APPEAL by plaintiff from *Pless, J.,* at June Term, 1944, of McDOWELL.

Civil action to impress trust upon "balance of lands left" after payment of purchase price, interest and costs, and for an accounting.

The complaint, in summary, alleges:

1. On 12 April, 1924, pursuant to agreement between the plaintiff, D. W. Adams and John Yancey, the said John Yancey purchased several tracts of land in McDowell County for $70,000, the avowed purpose being "to subdivide it into lots and sell said lots to prospective purchasers."

2. Contemporaneously with the execution of the deed of conveyance, the said parties entered into a written contract by the terms of which the plaintiff and D. W. Adams were "to survey and subdivide said land into lots" and sell the same, the proceeds thus obtained to be used, first, to "pay back" to John Yancey the money advanced by him as the purchase price of the land, with interest; second, to pay all costs, including taxes, said costs to be borne equally by the three parties to the contract; and, then, "the residue or balance" of the net profits to be divided equally among them.

It was further stipulated that after the purchase money with interest thereon had been paid back, and all costs paid, including taxes, the said John Yancey "is to hold any balance of the said lands in his name" until either or both of the other parties "shall call for a deed or a division of the remaining lands, and in the event a division is asked for" the said John Yancey "agrees to execute deed to D. W. Adams for one-third interest in said lands left, as aforesaid, and to George W. Sandlin one-third interest in the lands left, as aforesaid."

3. The plaintiff and D. W. Adams surveyed the land, subdivided it into lots, and over a period of years sold many of them and surrendered the proceeds thereof to John Yancey in accordance with the agreement; that later by mutual consent, rather than sacrifice the property on a depressed market, the development was held in abeyance to await a more favorable time.

4. In 1934, John Yancey purchased the interest of D. W. Adams in the contract aforesaid, and thereafter the plaintiff and John Yancey continued under its terms.

5. John Yancey died in 1941, leaving a last will and testament in which he devised the lands in question to his three daughters, defendants herein.

6. The plaintiff and the defendants herein continued their operations under the contract aforesaid until 21 October, 1943, when plaintiff was notified by the defendants that they did not desire to continue the arrangement further; that the defendants are now claiming the land as sole owners to the exclusion of plaintiff's interest therein.

Wherefore, plaintiff prays for declaration and impression of trust and for an accounting.

Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action. G. S., 1-127, clause 6. Sustained; exception.

The plaintiff appeals, assigning error.

*Paul J. Story for plaintiff, appellant.*
*W. R. Chambers and W. D. Lonon for defendants, appellees.*

STACY, C. J. Conceding that the complaint contains no allegation of any valuable equity in "the balance of the said lands," after the repayment of the purchase price, with interest and costs, except by inference perhaps, to which a trust, if declared, could attach under the principles announced in *Peele v. LeRoy,* 222 N. C., 123, 22 S. E. (2d), 244, and cases there cited, still we think the allegations are broad enough to withstand the demurrer, at least to the extent of calling for an accounting.

It is not contended that the title to the lots heretofore sold could be disturbed, or that plaintiff's equity attaches until after the purchase money, with interest, etc., has been repaid from the sale of lots. Only after this has been done was it agreed that John Yancey should stand seized of "the remaining lands" to the use of all the parties—each to be entitled to one-third interest in the "lands left."

The complaint is not to be overthrown by demurrer, if in any portion or to any extent, it states facts sufficient to constitute a cause of action. *Cotton Mills v. Mfg. Co.,* 218 N. C., 560, 11 S. E. (2d), 550; *Pearce v. Privette,* 213 N. C., 501, 196 S. E., 843. It must be fatally defective before it will be rejected as insufficient. *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874. "Upon examination of a pleading to determine its sufficiency as against a demurrer, its allegations will be liberally construed with a view to substantial justice, C. S., 535, and every reasonable intendment and presumption will be given the pleader, and the demurrer overruled unless the pleading is wholly insufficient"—First headnote, *Leach v. Page,* 211 N. C., 622, 191 S. E., 349.

Viewing the complaint with the degree of liberality which the law requires, G. S., 1-151, it appears sufficient to survive the demurrer.

Reversed.