# CHARLESTON

BEATTY *et al.* v. EDGELL *et als.*

Submitted October 29, 1914.  Decided December 8, 1914.

1. INJUNCTION—*Quieting Title—Bill—Sufficiency of Demurrer—Title of Plaintiff.*

   A bill to enjoin trespass, stay waste, and remove cloud, based mainly on the theory of undisputed title or title adjudicated by a decree in a suit brought by the commissioner of school lands to sell the land as waste or unappropriated land, to which defendants claiming adversely or their predecessors in title were not parties, and with no pleading therein putting their rights in issue, is bad on demurrer.  (p. 253).

2. QUIETING TITLE—*Bill—Sufficiency Against Demurrer—Possession by Plaintiff.*

   And such a bill is bad on demurrer also as one to remove cloud which fails to allege actual possession by plaintiff.  (p. 254).

3. SAME—*Jurisdiction.*

   A court of equity has no jurisdiction to settle the title and boundary of lands between adverse claimants when plaintiff has no equity against defendants claiming adversely to him.  (p. 255).

Appeal from Circuit Court, Wetzel County.

Suit by John E. Beatty and others against Ezra A. Edgell and others.  From decree for plaintiffs, defendant Henry L. Smith appeals.

*Reversed and Remanded, with directions.*

*Leo Carlin, Chas. Powell* and *Kemble White,* for appellant.

*E. L. Robinson, J. H. Robinson* and *Thos. P. Jacobs,* for appellees.

MILLER, PRESIDENT:

In equity to enjoin trespass, taking of possession, cutting and removing of timber, and interference by defendants with proposed oil and gas operations by plaintiffs or their lessee, upon a tract of thirty acres of land, more or less, in Wetzel County, claimed by plaintiffs; also to remove as clouds upon their alleged title certain leases for oil and gas made by some

of the defendants to defendant N. S. Snyder, and for general relief.

The decree appealed from sustained jurisdiction and granted the relief prayed for.

By their bill plaintiffs invoke equitable jurisdiction on the theory of undisputed title, and title previously adjudicated in a certain prior suit prosecuted by the commissioner of forfeited and delinquent lands for said county, in the name of the State against Abner Bartlett, and others, that said tract was waste and unappropriated land and liable to be sold and was by decree pronounced therein sold and purchased by them or those under whom they claim, and pursuant to decree of confirmation conveyed to them or their predecessors in title by said commissioner; also possession, and the commission of waste and irreparable injury.

Both by their demurrer and answer defendants have challenged jurisdiction in equity.

First, then, is the bill good on demurrer? Predicated on the theory of undisputed adjudicated title in plaintiffs we think it fails. Exhibited with the bill, and in support of the alleged adjudication of title,. are copies of an amended bill in the Commissioner of School Land's suit, the decree of sale therein, and what purports to be the deed from Sayre, Commissioner, to T. W. and J. E. Beatty, alleged purchasers at the judicial sale. Neither the report of the commissioner in chancery, on which the decree purports in part to be based, nor the decree of confirmation, if there was one, nor any other part of the record of that cause, are exhibited with the bill or in the evidence. While the decree of sale finds from the commissioner's report ''that the Thirty acres of land lying on the south Fork of Big Fishing Creek in Grant District, Wetzel County, West Virginia, is waste land and liable to be sold,'' &c., and decrees the same to be sold, there is no other description or designation in the decree identifying it with the land in controversy. The deed of the commissioner purports to convey the tract to the Beattys, by metes and bounds, and with reference to certain other lands including lands patented to John Ice, but nowhere in the bill or other papers exhibited is any reference made to the patents called for and

the calls do not identify the land covered or intended to be with the land in controversy. Moreover, there is not in the said amended bill any mention made of a thirty acre tract of waste and unappropriated land, no allegation respecting the same. A tract of 573 acres, made up of tracts of 360 acres, 86¼ acres, 100¼ acres and 26 acres is proceeded against, not as waste, but as delinquent and forfeited lands, but the bill makes no mention of any waste land, sought to be sold thereby.

To constitute a valid adjudication there must be pleading putting the facts in issue and proper parties. There is no better settled rule than this. A decree founded on no pleading is void. Then too the absence of the decree of confirmation is pertinent. Perhaps if the bill contained proper allegations the fact of the decree might be established by evidence. Referring to the evidence, however, there is no proof of any such decree. Only a recital thereof in Commissioner Sayre's deed, not evidence of the fact. In *Hagan* v. *Holderby,* 62 W. Va. 106, in ejectment, we decided that in such cases it is necessary that enough of the record be introduced to show authority of the court to make the deed, and that it had jurisdiction of the parties and subject matter. While two of the heirs of James Edgell, paternal ancestor of the main defendants and through whom they inherited interests in his lands, including his claim to the land in controversy, appear to have been parties to the bill of the Commissioner of School Lands, the amended bill contains no allegation against them nor is there any prayer for specific relief as to them. The decree of sale only attempts to remove as a cloud on the State's land a deed from W. V. Edgell to C. W. Edgell, supposed to cover the land in controversy. It could not have been an adjudication as to any other right or interest, if properly pleaded.

Then, the bill we think is bad for another reason. It clearly shows that defendants' owner or claimants and their lessee claim adverse title to the land, and practically concedes possession by them or by their lessee Snyder and others. The bill alleges and concedes that defendants Ezra A. Edgell and others claim the land sued for by patent to John Ice, and intervening deeds through James Edgell, and though plain-

tiffs deny that this patent and the deeds of defendants cover the thirty acres now involved, it is alleged that they claim it, and have undertaken to lease the land to their lessee Snyder, and that Snyder is in possession under them to operate the same for oil and gas; and that the only controversy involved is as to which of the contending parties have the legal title to the land. Not a single equity is alleged against the defendants, and upon which equity jurisdiction can be founded. No oil or gas, so far as the record shows, has been produced, no partition of oil or gas or royalties is sought and no relief is sought not adequately relievable and cognizable in a court of law.

The case made by the bill is controlled absolutely, we think, by the case of *Freer* v. *Davis*, 52 W. Va. 1, points one and two of the syllabus, holding that "a court of equity has no jurisdiction to settle the title and boundary of lands between adverse claimants, where the plaintiff has no equity against the party claiming adversely to him."

We, therefore, reverse the decree and remand the cause with direction to enter a decree sustaining the demurrer, but giving leave to plaintiffs to amend, if they shall so elect, within such reasonable time as the court may prescribe, if not, to dismiss the bill, but without prejudice to any relief at law to which plaintiffs may be entitled.

*Reversed and Remanded, with directions.*