# CHARLESTON.

CARRIE V. GAMBLE v. JOHN M. KENNEDY.

Submitted September 18, 1917.    Decided September 25, 1917.

INJUNCTION—*Jurisdiction—Trespass on Land.*

There is no jurisdiction in equity to enjoin alleged trespasses upon lands, the title to which is in dispute, unless it is shown that a suit in ejectment has been brought, or is about to be brought, to settle the controversy respecting the title.

Bill for injunction by Carrie V. Gamble against John M. Kennedy.   Decree for plaintiff, and defendant appeals.

*Decree reversed, injunction dissolved, and bill dismissed without prejudice.*

*Van A. Barrickman,* for appellant.

*Glenn Hunter,* for appellee.

RITZ, JUDGE:

It is alleged by the plaintiff that she is the owner of a tract of seventeen acres of land, of which she has been in possession ever since her purchase of the same in 1892.   She avers that the defendant is the owner of an adjoining tract of land which was formerly owned by J. William Gamble.   She says that in September, 1906, she optioned the coal under her land, at which time she ascertained that the defendant was making claim to a small part thereof adjoining his land, containing about one and one-quarter acres; that the defendant's claim was without merit, and she declined to recognize the same.   She avers that the lines have been run by several surveyors, who have always ascertained that this land belonged to her.   She further avers that in 1879 a suit was brought by Evans W. Ruble, who at that time owned the tract of land now owned by herself, against William Gamble, who was then the owner of the tract of land now owned by the defendant, for the purpose of recovering damages alleged to have been done to this same one and one-quarter acres of land by the defendant Gamble; that an order was entered in said suit which is exhibited with the bill and is as follows: "This day

came the parties by their attorneys, and by consent this case is dismissed agreed.'' She contends that the effect of this order was to adjudicate that her predecessor in title, Ruble, was the owner of the land in controversy. She also avers in this connection that the entry of this order was the outcome of an understanding between Ruble and William Gamble to the effect that Gamble would surrender any claim to the land in dispute, and Ruble would waive his claim for damages for trespasses theretofore committed. She avers that the defendant has committed repeated trespasses upon this land without any claim or color of title thereto; that he is cutting valuable timber thereon, and she asks that he be enjoined from further trespassing thereon, or from removing the timber therefrom.

The defendant demurred to the bill and answered the same. He denies that the plaintiff was in possession of the one and one-quarter acres of land in dispute, or had ever been in possession thereof, but, on the contrary, he avers that since he purchased this land in 1895 he has been in continuous possession of said land, and that prior thereto his grantor, William Gamble, had been in the possession thereof. He denies that the title thereto was in the plaintiff, or that the plaintiff's title papers cover the same, but, on the contrary, avers that upon a proper survey of the line between him and the plaintiff the said tract of land is covered by his title papers. He denies also that the effect of the order entered in the suit of Ruble against Gamble, above referred to, was to adjudicate the title, but insists that it could have no other effect than to adjudicate the plaintiff's right to recover damages in that suit for the trespasses alleged therein to have been committed. He avers that his predecessor in title, William Gamble, and the predecessor in title of the plaintiff many years ago settled the controversy as to this specific line, and that they built a fence upon the line agreed upon by them; that this fence has been maintained ever since, and is still maintained between the plaintiff and the defendant; that the same has always been treated as a line fence, and that it is on the line was never questioned by the plaintiff until a short time before the institution of this suit. He denies that he has been

guilty of any trespasses upon the plaintiff's land; he denies that he has cut any timber upon the land in dispute, and says that there is not now, and has not been during his ownership thereof, any timber upon the same. He says that he has good title to the one and one-quarter acres through his deed from William Gamble, and he also avers that even though there may have been a question as to the true location of this line in the past, no such question could now arise, inasmuch as he has been in the actual, open, notorious and hostile possession of the land in controversy, claiming it to the line indicated by the fence maintained between himself and the plaintiff for more than twenty years.

A large amount of evidence was taken in the case by both parties. Surveyors testify for the plaintiff that her title papers cover the land in dispute, but she has not undertaken to show that the defendant has ever cut any timber on this disputed land, nor does she show any other trespasses than the cutting of briars and shrubs therefrom. She shows by her evidence that the defendant is in the possession of the disputed land; that it is now and has been for many years within the defendant's enclosure. She offers evidence tending to show that there was an agreement between Ruble, her predecessor in title, and Gamble, the predecessor in title of the defendant, by which Gamble agreed to waive any claim to this land, in consideration that Ruble would dismiss the action of trespass above referred to. However, it is shown by her testimony that notwithstanding this agreement, if there was such an agreement, William Gamble remained in possession of the land up to the fence claimed by him as the line; and it is shown by numerous witnesses that during all of the time that William Gamble resided upon this land he claimed this fence as the line, and that since the defendant became the owner of the same he claimed the fence as the line. It is shown that this fence was maintained jointly by the owners of the contiguous tracts of land, and it is further shown that no question was ever raised as to the title of the defendant to the tract of land now in dispute until quite recently; that the plaintiff then undertook to build another line fence on a different location, and that this attempt was

resisted and prevented by the defendant. The circuit court enjoined the defendant from claiming the land in dispute and from trespassing thereon.

It sufficiently appears from the statement we have made that this case resolves itself into a contest over the title to this tract of one and one-quarter acres of land. The plaintiff, it is true, contends that the title was adjudicated to her predecessor by the action of trespass referred to above, and by the order entered therein dismissing the same agreed. How she can contend that the dismissal of this suit "agreed" was an adjudication in favor of her predecessor is a little difficult to understand. If it can be said that the title to the land could be affected by an order entered in an action of trespass, then the dismissal of the suit agreed would be an adjudication against the plaintiff, instead of in her favor. By acceding to the dismissal of the suit agreed, in the absence of any other showing, there would be a bar to the plaintiff ever maintaining any suit to recover anything which he might have recovered in that suit. *Pethtel* v. *McCullough,* 49 W. Va. 520. · But the title to this tract of land could not have been determined in the action of trespass. It therefore follows that the title of neither of the parties was in any wise affected by such dismissal. The plaintiff, however, contends that William Gamble waived his claim of title to the land in dispute in consideration that Ruble would waive his claim for damages. The order entered does not show this and this agreement is earnestly disputed. In fact, it is contended that instead of William Gamble waiving his title to the land in dispute either at or about that time he and Ruble agreed on the line as the fence was built, and this contention is supported by the evidence of many witnesses. It is also supported by the fact that Gamble and the defendant in this suit for a long time have held the land in dispute up to the fence which it is contended by the defendant is the line.

All that is involved in this case is the true location of the boundary line between the lands of the plaintiff and the defendant. This is a question not cognizable in equity. *Barth* v. *Shepherd,* 80 W. Va. 208, 92 S. E. 317; *Freer* v. *Davis,* 52 W. Va. 1; *Beatty* v. *Edgell,* 75 W. Va. 252; *Harman* v.

*Lambert,* 76 W. Va. 370. The plaintiff cannot maintain her suit in equity for the purpose of enjoining trespasses on the land in dispute, for the reason that in order to do so she must show that the trespasses sought to be enjoined are of a substantial nature, and that she has already brought, or is about to bring, an ejectment suit to vindicate her title thereto. *Freer* v. *Davis,* 52 W. Va. 1.

It follows that the decree of the circuit court will be reversed, the injunction dissolved, and the plaintiff's bill dismissed with costs to the appellant in this court and in the court below. Such dismissal will be without prejudice to the right of the plaintiff to assert her title in a court in which the controversy is justiciable.

*Decree reversed, injunction dissolved, and bill dismissed without prejudice.*