ANDERSON COTTON MILLS v. ROYAL MANUFACTURING CO. ET AL.

(Filed 27 November, 1940.)

1. **Fraud § 8: Pleadings § 29—Where action is for fraud and not upon contract, negotiations prior to execution of the contract may be competent.**

   This action was instituted to recover for alleged fraud on the part of defendants in purchasing plaintiff's products for the corporate defendant while deceiving plaintiff into believing that the corporate defendant was acting as plaintiff's selling agent. *Held:* The action was not based upon the contract of agency but was in tort for fraud, and plaintiff's allegations relating to preliminary negotiations and representations prior to the execution of the contract of agency constituted a part of the cause alleged, and defendants' motion to strike was properly denied.

2. **Fraud § 8: Corporations § 7—Complaint held sufficient to state cause of action in fraud against officers and agents of corporation.**

   The complaint alleged that the corporate defendant procured a contract of agency to sell plaintiff's products, that in fact, instead of selling the products as it represented itself to be doing, it itself purchased same, and directed plaintiff to ship same to dummy purchasers for the purpose of deceiving plaintiff, that plaintiff was deceived to its damage, and that the individual defendants were officers and agents of the corporation and actually caused and participated in the wrongful acts of the corporation. *Held:* The complaint sufficiently alleges a cause of action in fraud against the individual defendants, since the allegation that the individual defendants caused and participated in the wrongful acts of the corporation sufficiently infers that they participated in the fraudulent intent which may be reasonably inferred from the facts alleged.

3. **Fraud § 8—**

   A complaint which alleges facts from which fraudulent intent may reasonably be inferred, or presumed, or necessarily results, is sufficient as against demurrer, it not being required that the word "fraud" be used in the pleading.

**4. Pleadings § 15—**

   Upon demurrer the complaint will be liberally construed with a view
to substantial justice, C. S., 535, and every reasonable intendment and
presumption will be given the pleader, and the demurrer overruled unless
the pleading is wholly insufficient.

Appeal by defendants from *Johnston, Special Judge,* at September
Special Term, 1940, of Mecklenburg.

Civil action to recover damages for breach of trust and fraud.

The complaint in substance alleges:

1. That the plaintiff is engaged in the manufacture of cotton goods
and a valuable by-product known as "waste."

2. That Ira A. Stone was a stockholder, director, vice-president and
manager of the Charlotte office of the corporate defendant from 1928
to the spring of 1936; that W. G. Ackerman was manager of the Char-
lotte office of the corporate defendant from June, 1936, to the end of
January, 1939; that both were connected with the actual conduct and
management of the corporate defendant's business, and that they both
"actually caused and participated in the wrongful acts" of the corporate
defendant hereinafter alleged.

3. That the defendant corporation, through its agents, represented to
plaintiff that it was an expert in the marketing and handling of "waste"
by virtue of its size, experience, etc., and offered to act as agent of plain-
tiff in disposing of plaintiff's entire output of waste. .

4. That the corporate defendant tendered plaintiff a written contract
in 1931, which was not accepted, but was again renewed, through its
agents, and accepted and renewed each year from 1933 to 1937.

5. That during the years from 1933 to 1937 the corporate defendant
fraudulently represented to the plaintiff that it was selling plaintiff's
"waste" to domestic customers and exporters, and retained commissions
on said alleged sales (the alleged transactions being set out in detail),
when in truth and in fact no such sales were made, the defendant itself
being the purchaser, at less than market prices; that shipments were
directed to be sent to these "dummy purchasers" in order to deceive the
plaintiff, which they did, and that the defendant thus speculated in
plaintiff's by-product to its great profit and advantage and to the plain-
tiff's great loss, etc.

The defendants moved to strike from the complaint all allegations
relative to the preliminary negotiations prior to the execution of the
contract of agency between plaintiff and defendant. Motion denied;
exception.

The individual defendants, Ira A. Stone and W. G. Ackerman, inter-
posed demurrer on the ground that the complaint does not state facts

sufficient to constitute a cause of action against them. Demurrer over-ruled; exception.

Defendants appeal, assigning errors.

*Jones & Burwell for plaintiff, appellee.*

*Stewart & Moore and Whitlock, Dockery & Shaw for defendants, appellants.*

Stacy, C. J. As the preliminary representations constitute a part of the alleged fraud, the motion to strike was properly denied. *Trust Co. v. Dunlop,* 214 N. C., 196, 198 S. E., 645; *Hildebrand v. Tel. Co.,* 216 N. C., 235, 4 S. E. (2d), 439. The action is one sounding in tort.

The demurrer of the individual defendants was likewise properly over-ruled. It is alleged that they were officers and agents of the corporate defendant and "actually caused and participated in the wrongful acts" of their principal, which are specifically set out. This saves the complaint from fatal infirmity as to the individual defendants. *S. v. Trust Co.,* 192 N. C., 246, 134 S. E., 656. McIntosh on Procedure, 455.

The sufficiency of the facts alleged to make out a case of actionable fraud on the part of the corporate defendant is not challenged. *Hill v. Snider,* 217 N. C., 437; *Griggs v. Griggs,* 213 N. C., 624, 197 S. E., 165; *Stone v. Milling Co.,* 192 N. C., 585, 135 S. E., 449. If the individual defendants actually caused and participated in these alleged wrongful acts, it must follow that they also participated in the alleged fraud and deceit. At least, such is the reasonable intendment of the complaint. *Foy v. Stephens,* 168 N. C., 438, 84 S. E., 758. "It is not necessary that the word 'fraud' be used in the pleadings, nor that it be alleged in direct terms, if the facts averred contain all the essential elements of fraud." *Petty v. Ins. Co.,* 210 N. C., 500, 187 S. E., 816.

It will be readily conceded that a characterization of "fraud" without any facts to support it is a mere *brutum fulmen. Dixon v. Green,* 178 N. C., 205, 100 S. E., 262; *Baker v. R. R.,* 205 N. C., 329, 171 S. E., 342; *Andrews v. R. R.,* 200 N. C., 483, 157 S. E., 431. On the other hand, a complaint which alleges facts from which the fraudulent intent may reasonably be inferred, or presumed, or necessarily results, will be upheld as against a demurrer. *Dixon v. Green, supra; Foy v. Stephens, supra; S. v. Bank,* 193 N. C., 524, 137 S. E., 593; 12 R. C. L., 417.

When a case is presented on demurrer, we are required by the statute, C. S., 535, to construe the complaint liberally, "with a view to substantial justice between the parties," and in compliance with this provision we have adopted the rule "that if in any portion of it or to any extent it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can fairly be gathered from it, the pleading

will stand, however inartificially it may have been drawn or however uncertain, defective and redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader." *Dixon v. Green, supra; Brewer v. Wynne,* 154 N. C., 467, 70 S. E., 947; *Lee v. Thornton,* 171 N. C., 209, 88 S. E., 232; *Renn v. R. R.,* 170 N. C., 128, 86 S. E., 964.

"Upon examination of a pleading to determine its sufficiency as against a demurrer, its allegations will be liberally construed with a view to substantial justice, C. S., 535, and every reasonable intendment and presumption will be given the pleader, and the demurrer overruled unless the pleading is wholly insufficient"—First headnote, *Leach v. Page,* 211 N. C., 622, 191 S. E., 349.

A pleading is not to be overthrown by demurrer unless it be wholly wanting in sufficiency. *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E., (2d), 369; *Pearce v. Privette,* 213 N. C., 501, 196 S. E., 843; *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874.

Viewing the complaint with that degree of liberality which the law requires, it appears to be good as against the demurrer. *Hartsfield v. Bryan,* 177 N. C., 166, 98 S. E., 379; *Hoke v. Glenn,* 167 N. C., 594, 93 S. E., 807.

Affirmed.