JAMES HENRY FREEMAN v. PEARSON BALL ET AL.

(Filed 19 March, 1941.)

1. **Pleadings § 22—Order of court held tantamount to amendment curing defect in complaint.**

Upon the call of this case for trial, the *feme* defendant demurred. Whereupon counsel for plaintiff stated that through inadvertence her name had been omitted from the allegations of the complaint, but that the allegations against the male defendant were intended to apply to her also, and asked leave to so amend. It was stipulated that this might be considered as done, and the trial proceeded. *Held:* The procedure was tantamount to an amendment curing the defect, and the *feme* defendant's demurrer in the Supreme Court is overruled.

2. **Deeds § 2a—Evidence of mental incapacity of grantor held sufficient.**

Testimony of a medical expert that he had known the grantor for 20 years and that in the witness' opinion the grantor is feebleminded and would not know right from wrong, together with lay testimony to the effect that the grantor is not capable of transacting business, with evidence that the grantor received no benefit from the transaction, *is held* sufficient to support judgment setting aside the deed for mental incapacity of the grantor.

3. **Trial §§ 43, 52—Parties may agree that court enter verdict in accordance with how majority of jurors stand.**

Since a civil action to set aside deeds for undue influence and mental incapacity of the grantor may be submitted by agreement of the parties to the court and a jury trial waived, a stipulation of the parties, upon the jury being unable to agree upon a verdict, that the court might take a poll of the jury and answer the issue in accordance with how the majority stood, will sustain the judgment of the court upon a verdict arrived at in accordance with the stipulation.

APPEAL by defendants from *Armstrong, J.,* at October Term, 1940, of MADISON.

Civil action to set aside three deeds and to place the parties *in statu quo ante.*

When the case was called for trial, the defendant, Nettie Ball, entered a demurrer *ore tenus* to the complaint. Whereupon counsel for plaintiff stated that through inadvertence her name had been omitted from the allegations of the complaint, but that she had been served as a party defendant and it was intended that the allegations against her husband should also apply to her, and asked leave of the court so to amend the complaint. It was stipulated that this might be considered as done, and the trial proceeded.

It was further stipulated that all the matters in controversy would be determined by the submission of the following issue to the jury:

"Did the plaintiff's ward, James Henry Freeman, have sufficient mental capacity, to wit: on January 23, 1939, to make, execute and deliver the deed to Mae Roberts Freeman, recorded in Book 63, at page 556, of the Madison County Registry?"

It was agreed that if the jury should answer this issue "No," the three deeds in question should be declared void and of no force and effect and canceled of record.

The jury being unable to agree upon a verdict, the parties stipulated, and had it entered of record, that the court might take a poll of the jury and answer the issue in accordance with how the majority stood. A poll was taken and it appearing that eleven jurors were in favor of answering the issue "No," the court so answered the issue.

On the issue, as thus answered, and in accordance with the stipulations of the parties, judgment was entered declaring the deeds in question to be null and void and ordering their cancellation. From this judgment the defendants appeal, assigning errors.

*Roberts & Baley for plaintiff, appellee.*
*Calvin R. Edney and Ellis C. Jones for defendants, appellants.*

STACY, C. J. The defendant, Nettie Ball, interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against her, which was overruled with the understanding that the allegations against her husband were to be considered as applicable to her. This was tantamount to an amendment curing the defect, and was so understood by the trial court. It is sufficient to defeat a renewal of her demurrer here. The complaint states a cause of action. *Cotton Mills v. Mfg. Co.,* 218 N. C., 560.

The defendants also challenge the sufficiency of the evidence to support the finding of mental incapacity on the part of plaintiff's ward to execute the deed of 23 January, 1939, conveying the property in question to Mae Roberts Freeman. Dr. J. N. Moore, a medical expert, testified that he had known plaintiff's ward for twenty years, "I think he is feeble-minded and would not know right from wrong." There was other lay testimony to the same effect; "that he is not capable of transacting business;" that he received no benefit from the transaction, etc. It would seem that this evidence is amply sufficient to warrant the finding under authority of what was said in *Lamb v. Perry,* 169 N. C., 436, 86 S. E., 179.

There is no exception to the manner in which the issue was answered. In an action of this kind, the parties may waive a jury trial and submit the whole controversy to the court for final determination, both as to the law and the facts. *McGuinn v. High Point,* 217 N. C., 449, 8 S. E. (2d), 462.

The remaining exceptions are not of sufficient moment to call for any discussion. They are not sustained. The validity of the trial will be upheld.

No error.