Civil action to remove cloud upon title, heard upon demurrer ore tenus
to complaint and upon motion for mandatory injunction requiring defendants to remove certain obstructions over certain abandoned portion of highway over which plaintiffs claim easement.
Plaintiffs, in complaint as originally filed, summarily stated, allege:
1. That subject to a deed of trust to their co-plaintiff, the plaintiffs Dickensheets are the owners in fee of a certain specifically described lot of land in Rowan County, North Carolina, bounded on the west by the east side of "the right of way limit" of N.C. Highway No. 601, on which it abuts for 201.5 feet, and on the east by the "center line of the Mocksville Road (now abandoned)" on which it abuts for 203 feet, and on the north and south by lands of defendants — "together with the right of ingress, egress and regress" over and upon a specifically described strip of land thirty feet in width lying west of the center line of said abandoned Mocksville Road, that is the western half thereof, and extending from the north line of the Dickensheets' lot, above described, in a southwesterly direction 287 feet more or less to the point of intersection of said abandoned Mocksville Road with the N.C. Highway No. 601.
2. That defendants claim to own in fee simple the strip of land last above described freed of "any right of way or encumbrance" of the plaintiffs. And that defendants based such claim on these facts: (a) That in the year 1923 defendants obtained a deed from M. L. Jackson and for a specifically described tract of land containing 2.8 acres, about one and a half miles from Salisbury on the new Mocksville Road, calling for and lying west of that road. (b) That subsequently and in the year 1926 defendants conveyed to George Howard and wife a part of the land so acquired by them from M. L. Jackson and wife, which may be described as a parallelogram, calling for and abutting two hundred feet in width on "the west side of the new Mocksville Road," and extending westerly for four hundred feet. (c) That at the time of both these conveyances the State of North Carolina "was keeping open said road" and continued to do so until the late fall of the year 1941, when N.C. Highway No. 601 was opened and the new Mocksville Road, so-called in said conveyances, was abandoned by the State as a public road in so far as maintenance was concerned, by reason of which defendants claim that the strip of land lying between the center line and the west edge of said abandoned highway reverted to them, freed of public *Page 572 
or private right to use it as a highway and that they have the right to close it.
3. That the claims of defendants, as above set forth, are invalid for that: (a) The call for "the west side of the new Mocksville Road," in the deed from defendants to George Howard and wife, carried "the title to the center of the way," thereby vesting in them the fee in and to the strip of land immediately adjoining the lot conveyed to them by said deed from the west edge to the center line of the road; (b) the roadway being then in existence and abutting the property conveyed by said deed, defendants are estopped to deny the existence of an easement or right of way on the part of plaintiffs over the roadway; (c) the abandoned roadway being the only way plaintiffs have for ingress and egress to and from their premises, defendants have no right to obstruct same, and their claims adverse to plaintiffs constitute a cloud upon plaintiffs' title.
And plaintiffs, in amendment to original complaint, and for a second cause of action, briefly stated, allege:
1. That the lot of which plaintiffs Dickensheets are the owners, the same as that described in the original complaint, and upon which they have constructed and now occupy their home, abuts upon the abandoned portion of the Salisbury-Mocksville Highway, which has been a public highway in general and continuous use by the public for more than 20 years next preceding the institution of this action — having been taken over and controlled and hard-surfaced, improved and maintained by the State Highway Commission of North Carolina under Public Laws 1921, chapter 2 — and which provided to predecessors in title of plaintiffs, and now provides to them their only means of ingress and egress in and to their said premises.
2. That during the year 1941 the State Highway Commission rerouted the aforesaid Salisbury-Mocksville Highway, the same being N.C. Highway No. 601, at a point 100 or more feet south of plaintiffs' premises and thereafter abandoned, in so far as maintenance by the State is concerned, that section of said highway — a curve approximately 500 feet in length, upon which said premises abut.
3. That since such abandonment of said section by the State Highway Commission plaintiffs have continued to use and enjoy easement therein, said easement providing their only means of ingress and egress in and to their property, but that defendants, without lawful right or authority, have erected barriers, iron posts and barbed wire across and taken possession of a portion of said abandoned highway, by reason of which plaintiffs as well as others having business over and rights in the free and lawful use of said highway have been interrupted in, and prevented from the lawful and proper use of their premises — which unlawful and wrongful conduct upon the part of defendants has worked and continues *Page 573 
to work irreparable "harm and damage" to plaintiffs for which they have no adequate remedy at law — and they pray mandatory injunction.
Defendants, in answer filed, deny: (1) That plaintiffs have properly described the lot which they own, contending that the description calls for the west side and not the center of the road, and that hence they acquired no property right in and to the land covered by the highway. (2) That defendants owned the fee in that portion of the highway from the center line to the west side adjoining the property of plaintiffs, subject to the right of way of the State Highway Commission, and that when same was abandoned by that Commission, it reverted to defendants as owners in fee and entitled to immediate and uninterrupted possession, and that same was no longer subject to the right of ingress, egress and regress either as a private or public road or driveway, and no easement accrued therein to plaintiffs, the public or anyone else, and that plaintiffs have no right therein.
And by way of further answer, defendants, among other things, aver that the front of the lot of plaintiffs adjoins the eastern line of the right of way of the newly constructed and paved U.S. Highway No. 601, from Salisbury to Mocksville, that is, the highway referred to in the complaint as N.C. Highway No. 601, for two hundred feet, the entire width of the lot, and plaintiffs thereby have access to said highway to which an entrance to plaintiffs' lot may be made easily and at a minimum cost, and hence they deny that the abandoned portion of the old Mocksville Road is the only means of ingress and egress open to plaintiffs.
Upon the allegations in the complaint and amended complaint and on motion of plaintiffs an order was entered requiring defendants to appear and show cause why a mandatory injunction should not be granted requiring them to remove all obstructions on that portion of the Mocksville Road which was abandoned by the State Highway and Public Works Commission, successor to State Highway Commission.
Upon hearing on such order the court, finding the facts as to ownership of premises by plaintiff, as to abandonment of the section of the highway, and as to erection of barriers by defendants, as set forth in the complaint and stating (a) that "the plaintiffs have no other means of ingress and egress to and from said premises," and (b) that the conduct of defendants in exercising dominion over the road is continuing and will work irreparable injury to plaintiffs, ordered defendants to remove the obstructions, and restrained them from erecting other obstructions until final determination of the cause.
When the action came on for final hearing in court below, defendants demurred ore tenus to the complaint, and same was overruled, and they excepted. *Page 574 
Further upon such final hearing, the parties agreed upon facts substantially these:
1. In the year 1923 defendants obtained a deed from M. L. Jackson and wife for a tract of land containing 2.8 acres, situated about a mile and a half from and outside the limits of the city of Salisbury and calling for and lying west of the center line of the then new Mocksville Highway, a public highway extending from Salisbury in Rowan County to Mocksville in Davie County, which was maintained and improved from time to time by the governing authorities of Rowan County until maintenance thereof was taken over by the State Highway Commission under chapter 2 of Public Laws 1921, and thereafter maintained by the State Highway Commission until the fall of 1941, when a portion of it was abandoned and has not since been maintained by the State Highway and Public Works Commission as hereinafter stated. Altogether, the highway was so maintained for a period of more than 21 years prior to such abandonment.
2. In the year 1926 defendants sold and conveyed to George Howard and wife a lot located about the center and on the concave side of a curve approximately five hundred feet long, in the Mocksville Highway referred to in the above paragraph, and in shape of a parallelogram 200 feet by 400 feet, specifically described as follows: "Beginning at a stake on the west side of said new Mocksville Road, a new corner of Dr. W. C. Taylor's property, thence a new line north 82 deg. 30 min. west 400 feet to a stake, Dr. W. C. Taylor's corner; thence north 3 1/2 deg. East 200 feet to a stake, Dr. W. C. Taylor's corner; thence South 82 deg. 30 min. East 400 feet to a stake on the west side of the new Mocksville Road; thence with the west side of the road in a southerly direction 203 feet to theBeginning."
3. In the year 1941 the State Highway and Public Works Commission re-routed on a straight course that part of the Mocksville Road, that is U.S. Highway No. 601, in the curve referred to in preceding paragraph, and as a result a part of the land described above in paragraphs one and two of these facts lay east of the new location and west of the Mocksville Road referred to as the new Mocksville Road in the description set out in paragraph two. And the State Highway and Public Works Commission then abandoned and has not since maintained, or exercised any dominion or control over that section of the road within the curve which was eliminated by so straightening the road. The northern terminus of the curve so eliminated was a bridge, which was removed when such abandonment took place, since which time there has been no way to enter said abandoned section from its northern terminus.
4. On 6 February, 1941, the State of North Carolina, acting on behalf of its agency, the State Highway and Public Works Commission, having *Page 575 
prior thereto, acquired title in fee simple to at least that part of the lot of land conveyed by defendants to George Howard and wife, as last described hereinabove in paragraph two, lying between the old and new locations, and that part covered by the right of way of the new route, conveyed to William Harden and wife, and they in turn by deed dated 29 April, 1941, conveyed to plaintiffs, that part of said lot lying between the old and new routes by the following description:
"Beginning at a stake on the west side of the old Mocksville Highway, Route U.S. 601, original southeastern corner between Dr. Howard and Dr. W. C. Taylor; thence North 82 deg. 30 minutes West 118 feet to a point where the line intersects the east right of way line of the new Mocksville highway, said right of way line being 50 feet from and parallel to the center line of said new highway; thence in a Northerly direction with the right of way line as it curves, 200 feet to a point where the right of way line intersects the original north property line between Dr. Howard and Dr. W. C. Taylor; thence South 82 deg. 30 min. East, with the original north property line, 110 feet to a stake on the west side of the old Mocksville highway; thence with the west side of said highway as it curves in a southerly direction 203 feet to the Beginning."
5. The "new Mocksville Road," referred to in the deed from defendants to George Howard and wife, is the same as the "old Mocksville Highway" referred to in the deed from William Harden and wife to plaintiffs.
6. "That the premises of the plaintiffs abut upon the premises of the defendants upon the North and South, and on the West abut upon the right of way line of the North Carolina Highway Public Works Commission, which said right of way is fifty feet in width from the center line of said Highway 601, and is owned in fee by said North Carolina Highway Public Works Commission."
7. "That the premises of the plaintiffs do not adjoin or abut upon any highway, alley, lane, or public or private way, except the abandoned portion of former highway 601 hereinbefore referred to as the old Mocksville Road."
8. Subsequent to the abandonment by the State Highway and Public Works Commission of the section of the road, as aforesaid, plaintiffs continued to use said abandoned portion as a means of ingress and egress from the south in and to their lot above described — until a short time prior to institution of this action when defendants attempted to take possession of and close same by "erecting barriers, imbedding iron posts and stringing barbed wire thereon . . . in such manner as to enclose said area and to make entry by the plaintiffs into their premises impossible — the defendants claiming that they have the fee to said area, and that plaintiffs have no easement therein." *Page 576 
The court being of opinion that, upon the facts alleged and agreed, plaintiffs are entitled to relief as prayed, adjudged in pertinent part, (1) "That the plaintiffs are entitled to the enjoyment of an easement in the abandoned portion of the Mocksville Road . . . as the only means of ingress, egress and regress to and from their premises abutting upon said abandoned road extending from the point of its intersection with the North Carolina State Highway and Public Works right of way line of North Carolina Highway No. 601, in a general north or northeasterly direction, to the northern boundary of the property of the plaintiff," and (2) that "defendants and their successors in title be, and they are hereby permanently and perpetually restrained and enjoined from in any manner obstructing, by barriers or other means, or interfering with the use and enjoyment of said easement by the plaintiffs and their successors in title."
Defendants appeal to Supreme Court, and assign error.
In the main defendants' challenge to the judgment below presents two questions:
First. Is there error in overruling the demurrer ore tenus to the complaint?
"The office of demurrer is to test the sufficiency of a pleading, admitting for the purpose, the truth of the allegations of the facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted," Stacy, C. J., in Ballinger v.Thomas, 195 N.C. 517, 142 S.E. 761.
Both the statute, C. S., 535, and the decisions of this Court require that the pleading be liberally construed, and that every reasonable intendment and presumption must be in favor of the pleader. A pleading must be fatally defective before it will be rejected as insufficient. Ins. Co.v. McCraw, 215 N.C. 105, 1 S.E.2d 369; Cotton Mills v. Mfg. Co.,218 N.C. 560, 11 S.E.2d 550.
Applying this principle to complaint and amended complaint, we are unable to say that in no view is a cause of action stated.
Second. Did the court correctly rule that plaintiffs are entitled to the enjoyment of an easement in the abandoned portion of the Mocksville Road "as the only means of ingress, egress and regress to and from their premises abutting upon the said abandoned road"? Upon the record on this appeal it does not appear upon what theory the careful and learned judge based this ruling that this way is the only means of *Page 577 
ingress and egress to and from their premises. In this connection it is to be noted that the agreed facts show that while the State owns in fee simple the right of way for the new location of the Mocksville highway, the description of plaintiffs' lot with respect thereto emanating from the State of North Carolina, acting on behalf of its agency, the State Highway and Public Works Commission, calls for and runs with "the east right of way line of the new Mocksville highway." It is also noted as an agreed fact that "the premises of plaintiffs do not adjoin or abut any highway . . . except the abandoned portion of the former highway 601 . . . the old Mocksville Road."
In the light of these apparently conflicting facts, was the court of opinion, in ruling that plaintiffs are entitled to an easement in the abandoned portion of the road "as the only means of ingress, egress and regress to and from their premises" abutting thereon, that, as a matter of law, the ownership by the State of fee simple title to the adjoining right of way along the west line of plaintiffs' lot prevents access from plaintiffs' lot over the intervening space to the paved portion of the new highway well within the right of way? Or, was the ruling based upon a finding of fact that by reason of the physical relationship of plaintiffs' lot to the paved portion of the new highway a means of ingress and egress over the intervening space is not feasible?
In the absence of information elicited by these questions, and as the agreed facts leave in doubt answers thereto, we are unable to come to a proper decision as to the correctness of the ruling of the trial court. Hence, the judgment below will be vacated, and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.
Error and remanded.