Civil action in the main to require transfer on corporate books all of the capital stock of defendant corporation, both common and preferred, owned by plaintiff as represented by certificates duly assigned and to enjoin calling of outstanding preferred stock, and disposition of corporate property.
Plaintiff, in his complaint filed in this action, alleges substantially these facts:
(1) That defendant, Hilton Lumber Company, is a corporation organized and existing under and by virtue of the laws of the State of North Carolina, and is the owner of valuable tracts of standing timber which is of great and increasing value.
(2) That defendant corporation has outstanding eight hundred shares of capital stock of the par value of one hundred dollars each consisting of four hundred shares of common stock and four hundred shares of preferred stock — its duly recorded charter providing that the preferred stock shall have equal voting power with the common stock and that after the payment of dividends of six percent per annum upon the preferred stock, the surplus profits, if any, shall be used in paying dividends upon the common stock until six percent shall be paid, after which if there be any surplus profits, they shall be divided pro rata among the stockholders, both common and preferred.
(3) That defendant, R. A. Parsley, who is president of defendant corporation, owns one hundred shares of common stock and one hundred shares of preferred stock and holds one hundred ninety eight shares of common stock as trustee, under a trust created on 11 July, 1928, by W. L. Parsley and wife, Agnes MacRae Parsley, for the benefit of their children, naming them, with authority to vote same. That, though W. L. Parsley, after death of his wife, attempted to revoke the trust, and though the beneficiaries, all of whom are of legal age, have repeatedly requested him so to do, R. A. Parsley as trustee has refused and still refuses to surrender the certificates representing said trust stock and to agree to transfer or sale of said stock and to terminate the trust.
(4) That prior to 5 February, 1943, the remaining three hundred shares of common stock and the remaining one hundred and two shares of preferred stock of defendant corporation, were owned and held by certain persons and in designated proportions, including Ben Willis, who owned one share of the preferred stock, and W. R. Allen, Jr., who owned five shares of the common stock and five shares of the preferred stock; *Page 706 
and prior to 9 February, 1943, plaintiff purchased the whole thereof at the price of three hundred ($300.00) dollars per share and the certificates of stock representing same have been duly assigned, transferred and delivered to plaintiff and he is now the owner of said stock — representing a majority of the outstanding capital stock of defendant corporation.
(5) That in addition to the purchase of the stock as alleged in last preceding paragraph plaintiff and the beneficial owners of the one hundred ninety-eight shares of the common stock to which the said trust agreement relates, as above named, have entered into an agreement under the terms of which said beneficial owners of said stock have agreed to sell and plaintiff has agreed to purchase same at price of three hundred ($300.00) dollars per share and to pay for same upon delivery to him of said stock, free and clear of the trust agreement under which it is now wrongfully held by defendant, R. A. Parsley.
(6) That on 9 February, 1943, defendant, R. A. Parsley, undertook to hold and conduct an annual meeting of the stockholders of defendant corporation; that the only stock represented was that held by said Parsley, individually, and as trustee, and that although a quorum was lacking, and that although said Parsley knew that plaintiff owned a substantial amount of the outstanding stock, if he did know that plaintiff owned a majority, and although he was advised by W. R. Allen, Jr., secretary of defendant corporation, that he, Allen, had prior thereto sold, transferred and delivered all of his stock to plaintiff and was not on the day of the meeting a stockholder in said corporation, said Parsley undertook to organize an annual meeting, and to elect directors, and to call all of the outstanding preferred stock at par, although there is no provision in the charter or by-laws of the corporation defendant providing for redemption of its preferred stock, by reason of all of which said meeting was illegal, and all proceedings and resolutions which may have been adopted at it are void and of no effect, and violative of rights of plaintiff as a stockholder and of rights of beneficiaries under said trust agreement.
(7) That on 10 February, 1943, plaintiff went to office of defendant corporation and presented to the secretary of said corporation certain certificates of stock of said company, both common and preferred, which had been duly and legally assigned, transferred, and delivered to him and demanded that said stock be transferred to him on the books of the corporation; that the secretary referred plaintiff to defendant R. A. Parsley, president of the corporation, and, upon plaintiff exhibiting same to him and demanding that same be transferred to plaintiff on the books of corporation, said Parsley examined the certificates and wrongfully refused and declined to permit such transfer; and that on following day plaintiff again went to office of defendant corporation *Page 707 
with certain additional shares of stock for which he held stock certificates duly and legally assigned, transferred and delivered to him the whole of which amounted to four hundred and two shares of the capital stock of said corporation, and again demanded that said stock be transferred to him on books of the company, but that defendant R. A. Parsley again wrongfully and unlawfully refused to permit such transfer to plaintiff of said stock, all in violation of plaintiff's rights as a stockholder of defendant corporation.
(8) That R. A. Parsley is attempting to sell and dispose of thousands of acres of standing timber belonging to defendant corporation in violation of the rights of plaintiff as a majority stockholder of said corporation, and that he is advised and believes that he has certain equitable rights in the premises which he is entitled to assert for his protection — and prays relief.
A temporary restraining order, as prayed, was granted by judge of Superior Court requiring defendants to appear before the judge holding courts of 8th Judicial District on 8 March, 1943, at time and place named to show cause why the restraining order should not be made permanent or continued to the hearing.
Defendants demurred to the complaint for that it appears upon the face thereof that: (1) There is another action pending between the same parties, or the privies of same parties for the same or a cognate cause of action. (2) There is a defect of parties plaintiff and defendant in that it appears that plaintiff is seeking to set aside and declare void the trust agreement of 11 July, 1928, executed by W. L. Parsley and wife and defendant R. A. Parsley, Trustee, in which agreement the three children of W. L. Parsley and wife are beneficiaries. (3) Several causes of action have been improperly joined in the complaint, in manner specified. (4) And for that the complaint does not state facts sufficient to constitute a cause of action against these defendants, in manner specified.
The parties having agreed that the court might hear the case and enter judgment out of term and out of the county and out of the district, the case was heard upon the demurrer and upon the notice to show cause. The court overruled the demurrer, and, after considering the pleading, the complaint being treated as an affidavit, and affidavits filed, the oral testimony of W. R. Allen, Jr., Ben Willis and others and the argument of counsel for both sides, finds in detail facts in essential respects, as alleged in the complaint.
And the court found these further facts:
(1) That under the constitution and by-laws of defendant corporation (a) the annual meeting of stockholders shall be held on second Tuesday in February at principal office of the company, (b) a majority *Page 708 
of the capital stock represented in person or by legal proxy shall constitute a quorum for the transaction of business, (c) stockholders of record as of the close of business on the day preceding a meeting shall be deemed entitled to representation at said meeting, and (d) notice of time, place and object of meetings of stockholders shall be given by mail, postage prepaid, ten days previous to regular meetings to each stockholder at his residence or place of business as same shall appear on the books of the company.
(2) That notice was given that the annual meeting would be held on Tuesday, 9 February, 1943, for purpose of electing officers and directors of the company, and for the transaction of such other business as may properly come before the meeting.
(3) That at close of business on Monday, 8 February, 1943, R. A. Parsley, individually owned, and as trustee held with authority to vote, a total of 398 shares, "which was less than a majority of the total outstanding capital stock of 800 shares . . ."
(4) That of the 402 shares of capital stock acquired by plaintiff prior to 9 February, 1943, ten shares stood on the books of the company in name of W. R. Allen, Jr., and one share stood in name of Ben Willis, at time of mailing notice of the annual meeting; but that on date set for the meeting Allen informed defendant R. A. Parsley that he, Allen, had sold his shares of stock to plaintiff and was no longer a stockholder, and therefore could not be present and participate in the meeting; that Ben Willis also informed Parsley that he, too, had sold his stock to plaintiff; and that thereupon defendant, Parsley, president of defendant corporation, stated to Allen in substance, that he, Allen, was the secretary of the corporation, was paid for his services as such secretary, and it was his duty to be present at the meeting.
(5) That on the date set for the annual meeting of the stockholders "there were present in the principal office of the Hilton Lumber Company, in Wilmington, N.C." R. A. Parsley, W. R. Allen, Jr., B. S. Willis and R. A. Parsley, Trustee, "who appeared upon the records of the defendant corporation as stockholders at the close of business on the previous day and owning" the shares of stock as above enumerated.
(6) That "a resolution to retire the preferred stock, at par, that is, at $100.00 per share, and accumulated dividends, was offered by defendant, R. A. Parsley, and the 398 shares of capital stock owned and controlled by him individually, and as trustee, were voted in favor of this resolution," and "no other stock was voted or attempted to be voted for or against said resolutions — Allen and Willis explaining to defendant Parsley that they both had sold their stock to plaintiff, and had no right to vote, and they did not vote on said resolution; that Allen attended the meeting" in pursuance of what he deemed to be his duty as secretary of *Page 709 
the corporation, the president of the corporation having told him that he, Allen, was employed as, and paid to act as, the secretary and, as such, it was his duty to attend the meeting.
(7) That defendant Parsley as president of defendant corporation has agreed to have transferred on the books of the company all the common stock which has been properly and legally assigned and transferred to plaintiff, but still refuses to transfer any of the preferred stock, upon the ground that as he, Parsley contends, all of the preferred stock has been retired in accordance with the resolution which he, Parsley, contends was adopted at the annual meeting on 9 February, 1943, and none is now outstanding.
Upon these findings of fact, the court, briefly stated, ordered, adjudged and decreed that, until the final hearing of this cause, defendants are restrained and enjoined from selling or encumbering any of the timber or other real estate owned by the company and from cancelling or attempting to cancel any of the preferred stock which was outstanding on 9 February, 1943, but dissolved the temporary restraining order in other respect. The court also allowed defendants time in which to answer and retained the cause for further orders and for trial when issues are joined between the parties.
Defendants appeal to Supreme Court and assign error.
Appellants on this appeal bring into question the correctness of the ruling of the trial court in overruling their demurrer, and in continuing the restraining order, as modified, until the final hearing.
When the sufficiency of a pleading is tested upon challenge by demurrer, the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are admitted.Ballinger v. Thomas, 195 N.C. 517, 142 S.E. 761; Spake v. Pearlman,222 N.C. 62, 21 S.E.2d 881; Dickensheets v. Taylor, ante, 570.
Both the statute, C. S., 535, and the decisions of this Court require that the pleading be liberally construed, and that every reasonable intendment and presumption must be in favor of the pleader. A pleading must be fatally defective before it will be rejected as insufficient. Ins. Co.v. McCraw, 215 N.C. 105, 1 S.E.2d 369; Cotton Mills v. Mfg. Co.,218 N.C. 560, 11 S.E.2d 550; Dickensheets v. Taylor, supra. *Page 710 
Furthermore, plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of the same action, or transaction connected with the subject of action. C. S., 507.
Applying these principles to the complaint in hand, we are unable to say that there appears upon the face of the complaint (a) a defect of parties plaintiff and defendant, (b) improper joinder of several causes of action, or (c) insufficient statement of facts to constitute a cause of action — the grounds upon which appellants base their attack upon the ruling of the trial court upon the demurrer.
Reading the complaint in the light of these principles, these facts appear: Plaintiff, having bought a majority of the shares of the capital stock of the defendant corporation, part common and part preferred, has made demand upon officers of the corporation, including R. A. Parsley, as its president, for the transfer of same to him upon the books of the corporation, and his demand has been refused, because, as defendants wrongfully contend, all the preferred stock has been called at par pursuant to a resolution of stockholders in annual meeting, which was illegal and invalid for that, among other things, a quorum for the transaction of business was not present. This brings into question the legality of the stockholders meeting.
While there appear allegations regarding the trust agreement to which neither the plaintiff nor the corporate defendants are parties, but under which defendant Parsley holds certain stock of defendant corporation for benefit of certain persons who are not parties to this action, it is clear that plaintiff is not undertaking to assert any right under this agreement. Rather, it appears the facts alleged are intended to show further reason why a quorum was lacking at the meeting, and to show as grounds for injunctive relief unfairness in calling at par preferred stock worth $300.00 per share.
Moreover, being of opinion that the demurrer was properly overruled, we are of opinion that upon facts found by the court the injunction, as modified, was properly continued to the hearing, pending which we refrain from discussion of the facts.
Affirmed. *Page 711