ROY McCAMPBELL and Wife, MAUDE McCAMPBELL, v. VALDESE BUILDING AND LOAN ASSOCIATION and C. E. COWAN, Trustee for the VALDESE BUILDING AND LOAN ASSOCIATION.

(Filed 29 March, 1950.)

**1. Pleadings § 15—**

Upon demurrer, the allegations of a pleading will be taken as true and liberally construed in favor of the pleader, giving him the benefit of every reasonable intendment and presumption. G.S. 1-151.

**2. Same—**

A pleading must be fatally defective before it will be rejected as insufficient.

**3. Pleadings § 5—**

Plaintiff will be granted that relief to which the facts alleged and proved entitle him even though there be no formal prayer for relief corresponding with the allegations, and even though relief of another kind may be demanded.

**4. Frauds, Statute of, § 13—**

The provisions of G.S. 22-2 may not be taken advantage of by demurrer.

**5. Contracts § 21—**

Allegations to the effect that the mortgagee agreed to have the mortgagor transfer the equity of redemption to plaintiffs, that plaintiffs would assume the loan and that the mortgagee would use the sum of $1,000.00, then remaining on hand out of the original loan, to complete the house on the premises, and that the mortgagee, after conveyance of the property in

accordance with the agreement, failed and refused to use the balance of funds on hand to complete the house, *is held* sufficient to state a cause of action as against demurrer.

Appeal by plaintiffs from *Rudisill, J.,* at October Term, 1949, of Burke.

Civil action to recover damages for breach of contract, etc.

Plaintiffs allege in their complaint substantially these facts:

(1) That on 28 February, 1947, John L. Bragg, Jr., and his wife executed and delivered to C. E. Cowan, Trustee, a certain deed of trust, conveying certain land which had been conveyed to them on 7 January, 1947, by a certain deed, registered in the office of Register of Deeds of Burke County, as security for a loan from the Valdese Building and Loan Association "in the principal amount of $6,000, which provided for consecutive monthly payments thereafter" (paragraphs 3 and 4); that the Braggs permitted the payments to become in default, and vacated the premises and turned same over to the Building and Loan Association, and that there was then located on the premises a new dwelling house which in many respects was incomplete. (Paragraph 5.)

(6) That plaintiffs and defendant, Building and Loan Association, after discussing the matter of transferring the premises and loan to plaintiffs, and pursuant thereto, made this "contract and agreement":

"(a) The defendant Valdese Building & Loan Association was to have the premises conveyed by proper deed from John L. Bragg, Jr., and wife, Dorothy Jean Bragg, to the plaintiffs;

"(b) That plaintiffs were to assume the balance due upon the original loan;

"(c) That plaintiffs were to pay $55.00 in order to bring the payments to a current basis;

"(d) That plaintiffs were to pay monthly payments thereafter in the amount of $45.00 until the balance of the indebtedness, together with interest, was paid in full;

"(e) That the defendant Valdese Building & Loan Association had on hand from the original loan the sum of $1,000 or more from which to pay for items of work and installations necessary to complete the dwelling house located on said premises;

"(f) That the items of work and installations to be so completed were as follows: (1) install a complete bath (2) construct a septic tank (3) provide 6 inside doors, and (4) finish the floors;

"(g) That the plaintiffs were to arrange for the above work to be done and the defendant Valdese Building & Loan Association was to make payment from the funds above referred to."

"(7) That, pursuant to said agreement and contract, warranty deed was made from John L. Bragg, Jr., and wife . . . to the plaintiffs, conveying said premises, dated 12 February, 1948 . . . and said loan balance was transferred to the plaintiffs on 16 February, 1948, at which time plaintiffs paid the defendant Valdese Building and Loan Association the payment required to place the loan on current basis in the amount of $55.00.

"(8) That plaintiffs obtained prices and bids covering the work and installations above referred to, but upon discussing the same with Mr. L. E. Deaton, agent of defendant Valdese Building & Loan Association, from time to time were put off and delayed from having said work performed, and finally, many months after February 16, 1948, the plaintiffs were advised that the defendant Valdese Building & Loan Association would not pay for the completion of the work and installations above referred to. That many requests and demands have been made to the defendant Valdese Building & Loan Association that the work be completed.

"(9) That, upon the defendant Valdese Building & Loan Association refusing to complete the work, the plaintiffs refused to make monthly payments required until such work was completed as agreed and contracted. That on July 22, 1949, the defendant C. E. Cowan, Trustee for the Valdese Building & Loan Association, advertised the sale of the said premises under the said deed of trust on the 22nd day of August, 1949, at which sale the highest bid received was from the defendant Valdese Building & Loan Association in the sum of $3,600.

"(10) That the failure of the defendant Valdese Building & Loan Association to complete the work and installations set forth above, as agreed and contracted, has damaged the plaintiffs in the sum of $1,000. That said sum of $1,000 would be required to complete the work, and is considerably more than the five payments of $45.00 each now in default by the plaintiffs. That, therefore, the foreclosure of the said deed of trust is unwarranted, inequitable, and would result in irreparable damage to the plaintiffs.

"(11) That plaintiffs have been, and are now, ready, willing and able to make the payments upon the loan as agreed to when the defendant Valdese Building & Loan Association performs its obligations under said agreement and contract."

Upon these allegations plaintiffs pray judgment against defendants, as follows:

"(a) Judgment in the sum of $1,000;

"(b) That the defendants be ordered to credit said loan with the amount of the above judgment;

"(c) That the said loan and indebtedness be re-amortized and payments adjusted in accordance with the foregoing, and note and deed of trust be reformed accordingly;

"(d) That the defendants desist from proceeding with the foreclosure of said deed of trust;

"(e) That any attempted conveyance of the said premises by the defendants, or their assigns, shall be declared subject to the judgment rendered in this action;

"(f) For the cost of this action to be taxed by the Clerk;

"(g) And for such further relief as the court deems necessary and proper."

Defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, in that it appears upon the face of the complaint:

1. That it is not alleged that the contract is in writing, as required by statute of frauds. (G.S. 22-2.)

2. That plaintiffs only purchased and had conveyed to them the equity of redemption of the Braggs in and to the land in question,—knowing that the land was subject to and encumbered by the deed of trust, and that the grantors were in default in the payments due on the indebtedness secured thereby.

3. That defendants have done all things required of them under the agreement, and plaintiffs have failed to make monthly payments and to finish the dwelling house as they agreed to do.

Upon hearing thereon, the demurrer was sustained, and the action dismissed.

Plaintiffs appeal to the Supreme Court and assign error.

*Edw. M. Hairfield* for plaintiffs, appellants.
*O. L. Horton* for defendants, appellees.

WINBORNE, J. Is there error in the judgment sustaining defendants' demurrer to the complaint of plaintiffs, on the ground that the allegations contained therein are insufficient to state a cause of action?

"The office of demurrer is to test the sufficiency of a pleading, admitting for the purpose, the truth of the allegations of the facts contained therein, and ordinarily relevant inferences of facts, necessarily deducible therefrom, are also admitted," *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. See also *Dickensheets v. Taylor,* 223 N.C. 570, 27 S.E. 2d 618; *Penn v. Coastal Corp., ante,* 481, and numerous other cases.

Both the statute, G.S. 1-151, and the decisions of this Court, applying the statute, require that the pleading be liberally construed, and that

every reasonable intendment and presumption must be in favor of the pleader. A pleading must be fatally defective before it will be rejected as insufficient. *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 361; *Cotton Mills v. Mfg. Co.,* 218 N.C. 560, 11 S.E. 2d 550; *Corbett v. Lumber Co.,* 223 N.C. 704, 28 S.E. 2d 250; *Sandlin v. Yancey,* 224 N.C. 519, 31 S.E. 2d 532; *Ferrell v. Worthington,* 226 N.C. 609, 39 S.E. 2d 812; *Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835; *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218; *Wilson v. Chastain,* 230 N.C. 390, 53 S.E. 2d 290; *Davis v. Rhodes, ante,* 71, 56 S.E. 2d 43.

Moreover, the liberal rule of construction is that the court will grant relief according to the facts alleged and proved, though there be no formal prayer for relief corresponding with the allegations, and even though relief of another kind may be demanded. McIntosh N. C. P. & P., Section 370 (2). *Voorhees v. Porter,* 134 N.C. 591, 47 S.E. 31; *Bradburn v. Roberts,* 148 N.C. 214, 61 S.E. 617.

Applying these principles to the allegations of the complaint, we are unable to say that in no view no cause of action is stated.

As to the first ground upon which demurrer is based: Defendants, in their brief filed in his Court, now concede that in this State the provisions of the statute of frauds, G.S. 22-2, may not be taken advantage of by demurrer. See *Hemmings v. Doss,* 125 N.C. 400, 34 S.E. 511, and cases cited. See also *Embler v. Embler,* 224 N.C. 811, 32 S.E. 2d 619.

As to the other grounds upon which the demurrer is based, it appears that the complaint alleges, at least, that $1,000 of the original loan to the Braggs was unspent and in the hands of the defendant Building and Loan Association at the time plaintiffs entered the picture, and that the Building and Loan Association agreed with plaintiffs that it would pay this amount in completing the unfinished dwelling in the respects detailed, and that it, the Building and Loan Association, later declined to do so. Taking these allegations to be true, it would seem that the complaint is not fatally defective.

Hence the judgment sustaining the demurrer is

Reversed.