## J. D. GRAY v. BENNY GRIFFIN.

(Filed 1 March, 1939.)

**Bankruptcy § 7—Plaintiff trying case solely on theory that injury was willful is properly nonsuited upon failure of evidence supporting that theory.**

Plaintiff instituted this action to recover for injuries sustained in an automobile collision prior to the discharge of defendant in voluntary bankruptcy, alleging that the injury was willful and malicious within the meaning of the bankruptcy act, and announced he desired to try the case solely on this theory. Plaintiff's evidence tended to show that defendant attempted to pass plaintiff's car, saw two cars approaching from the opposite direction, and chose to hit plaintiff's car rather than cause the more serious accident, and plaintiff himself testified that he did not think the injury was willful or malicious. *Held:* The evidence does not sustain the allegation that the injury was willful and malicious, and plaintiff having elected to pursue his remedy solely on this theory, judgment of nonsuit was properly entered.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at November Term, 1938, of MARTIN. Affirmed.

Civil action to recover compensation for property damage and personal injury caused by the negligent operation of a motor vehicle.

Plaintiff alleges that while his car was being operated in the nighttime by one Alexander on Highway No. 90 and occupied by the plaintiff the defendant drove his car into the rear of plaintiff's car; that as the result thereof plaintiff sustained personal injuries and his car was demolished. He alleges various acts of negligence which he contends proximately caused the collision. The defendant, answering, denied any act of negligence and pleaded his voluntary bankruptcy in bar. Thereupon the plaintiff filed an amended complaint in which he alleged that the acts of the defendant which proximately caused the collision "were willful and malicious and said acts and omissions which caused the injury were wrongful and done intentionally without just cause or

excuse and were committed disregarding what the defendant knew to be his duty and which caused the injury."

On the hearing the plaintiff offered evidence tending to show negligence on the part of the defendant.

At the conclusion of the testimony the defendant renewed his motion to dismiss as of nonsuit first made at the time the plaintiff rested. The motion was allowed and judgment entered accordingly. The plaintiff excepted and appealed.

*B. A. Critcher for plaintiff, appellant.*
*Clarence W. Griffin and Wheeler Martin for defendant, appellee.*

PER CURIAM. The judgment entered recites that it is admitted by the plaintiff that defendant was adjudged a voluntary bankrupt 21 March, 1938, subsequent to the matters and things alleged in the complaint, and that plaintiff announced he "did not desire to try this case except on the alleged issue of negligence of the defendant being willful and malicious within the meaning of the bankruptcy act relating to the discharge of the bankrupt from claims existing at the time of his voluntary bankruptcy." The plaintiff testified: "He intended to pass us with two cars approaching and rather than kill all the folks approaching he took my car. I do not think he did it willfully and maliciously as he did it to save those other folks." The other evidence offered fails to bring the conduct of the defendant within the term "willful and malicious," as used in the bankruptcy act. *Tinker v. Colwell,* 193 U. S., 473, 48 L. Ed., 754; *Poznanovic v. Gilardine,* 57 A. L. R., 148; *Ely v. O'Dell,* 57 A. L. R., 151, and annotations; *Re Greene,* 109 A. L. R., 1188.

Perhaps, in making his election to pursue his cause of action upon the theory that the alleged negligence of the defendant constituted a willful and malicious injury to person and property, the plaintiff was inadvertent to the decision in *Re Greene, supra,* and cases there cited. Having made the election, the judgment of nonsuit was proper.

Affirmed.