STATE OF NORTH CAROLINA, on RELATIONSHIP OF THE UNEMPLOYMENT COMPENSATION COMMISSION OF NORTH CAROLINA, v. MRS. IDA W. NISSEN, TRADING AS THE NISSEN BUILDING, AND METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 19 March, 1947.)

**1. Master and Servant § 58—**

Whether a mortgagee who takes possession of and operates the mortgaged building under an agreement assigning rents is an agent of the mortgagors or an employer of workers engaged in the operation of the building, must be determined by the provision of the agreement, and the fact that the mortgagee, in its other activities in this State, is an employer as defined by the Unemployment Compensation Act is immaterial. G. S., 96-8 (e).

**2. Master and Servant § 1: Principal and Agent § 1—**

An agreement under which the mortgagee, after default, takes over the management of the mortgaged building with authority to appoint an agent to collect the rents in the place and stead of mortgagors; with provision that the mortgagors should save the mortgagee harmless from any acts or omissions of agents or employees employed in the operation of the building and expressly limiting the liability of the mortgagee to the duty to account for moneys actually received by it pursuant to the agreement, constitutes the mortgagee an agent of mortgagors and not an employer in respect to those employed in the operation of the building.

**3. Master and Servant § 59e—**

Where a mortgagee in possession after default operates the mortgaged building as agent for the mortgagors under the terms of an agreement assigning rents, the mortgagors are the employers of workers engaged in the operation of the building and are entitled to have the Unemployment Compensation Commission transfer from the name of the mortgagee to their name the reserve account on wages earned by the employees during the period of such operation.

**4. Same—**

G. S., 96-9 (c) (4), does not require mutual consent of the parties for the transfer of a reserve credited to a particular "employer" under a misapprehension of the facts or the status of the person, firm or corporation making the contribution. Further, the Unemployment Compensation Act did not require mutual consent for such transfer prior to the amendment of 1945.

APPEAL by defendant, Mrs. Ida W. Nissen, trading as Nissen Building, from *Pless, J.,* at March Term, 1946, of FORSYTH.

Civil action heard by his Honor, J. Will Pless, Jr., without a jury, on exceptions filed by Mrs. Ida W. Nissen, trading as Nissen Building, upon appeal from the opinion of the North Carolina Unemployment Compensation Commission, denying her application for the transfer of the reserve account in the name of the Metropolitan Life Insurance Company, on wages earned during the years 1937 to 1 December, 1944, by the workers engaged in the operation of the Nissen Building in Winston-Salem, N. C., pursuant to the terms of the agreement assigning the rents to the Metropolitan Life Insurance Company, dated 8 April, 1933.

On 12 October, 1926, W. M. Nissen and wife, Ida W. Nissen, executed a deed of trust to the Wachovia Bank & Trust Company, Trustee for the Metropolitan Life Insurance Company, on the Nissen Building to secure their note executed to the Metropolitan Life Insurance Company in the sum of $600,000.00.

The Nissens defaulted in the payment of the principal, interest and taxes as required by the terms of the aforesaid deed of trust. Hence, the Insurance Company took an assignment of the rents.

George W. Nissen had acted as Manager of the Nissen Building for several years prior to the execution of the agreement, assigning the rents to the Insurance Company. He was continued in that capacity. No mention is made about the employment of workers to operate the building in the agreement assigning the rents or in the letter from the Metropolitan Life Insurance Company appointing George W. Nissen as agent for the property. He was instructed "to effect collection of all rents, etc., that may now be due and unpaid and which will hereafter become due and to pay thereout only the current usual and ordinary expenditures necessary for the operation and maintenance of the building, but you will incur no unusual or extraordinary expenditures without first obtaining our written approval. . . . You will account to us by the 25th of each month, beginning with the current month, for the rents collected to that date with statement giving the names of the tenants, location of space occupied, rent collected, period for which rent is paid and the amounts of any arrears together with statement of authorized expenditures, vouchers for the same, check for the net receipts, less your commission of 5% on the gross rents collected."

W. M. Nissen died in 1934, having devised his interest in the Nissen Building to his wife, Mrs. Ida W. Nissen, who is now the sole owner thereof.

It was stipulated by counsel: "That at the time the Unemployment Compensation Commission Act went into effect and now, the Metro-

politan Life Insurance Company was and is an employer in its own right and was and is subject to said Act on account of certain of its employees in North Carolina. . . . Contributions made by Metropolitan Life Insurance Company on wages of employees employed at the Nissen Building were paid out of general funds of the Metropolitan and were charged against the net operating income of the Nissen Building, thereby reducing the amount of such income available for reduction of the note of W. M. Nissen. The net operating income of the building was at all times sufficient to cover the amount of such contributions."

His Honor overruled the appellant's exceptions to the findings of fact and the conclusions of law of the Unemployment Compensation Commission of North Carolina, and affirmed the opinion of the Commission.

The defendant, Mrs. Ida W. Nissen, trading as Nissen Building, appealed to the Supreme Court, assigning error.

*W. D. Holoman, Chas. U. Harris, R. B. Overton, and R. B. Billings for Unemployment Compensation Commission.*

*Deal & Hutchins for Mrs. Ida W. Nissen.*

*Womble, Carlyle, Martin & Sandridge for Metropolitan Life Insurance Company.*

DENNY, J.   The appellant contends she is entitled to have the reserve account in the name of Metropolitan Life Insurance Company on wages earned by the workers engaged in the operation of the Nissen Building, from 1 January, 1937, to 1 December, 1944, credited to her account. She bases her claim on two grounds: (1) That under the terms set out in the Agreement assigning the rents to the Metropolitan Life Insurance Company, said Company was not authorized to act as an employer in the operation of the Nissen Building, but was authorized to act only in the place and stead of the owner as agent or trustee; and (2) That a mortgagee in possession is not permitted to use rents for its own benefit.

The appellees, on the other hand, contend that the employees engaged in the operation of the Nissen Building were employees of the Metropolitan Life Insurance Company, and since it is conceded that the Metropolitan Life Insurance Company, at the time the Unemployment Compensation Act went into effect, was and still is an employer in its own right, as defined in subsection (f) of the above Act, that the reserve account now in controversy was properly credited to the Metropolitan Life Insurance Company, and cannot be transferred to the appellant without its consent.

The pertinent part of Section 96-8 (e), effective prior to the 1945 Session of the General Assembly, reads as follows: "Whenever any employing unit contracts with or has under it any contractor or subcontractor for any employment which is part of its usual trade, occupa-

tion, profession or business, unless the employing unit as well as each such contractor or subcontractor is an employer by reason of subsection (f) of this section or section 96-11 (c), the employing unit shall for all the purposes of this chapter be deemed to employ each individual in the employ of such contractor or subcontractor for each day during which such individual is engaged in performing such employment; except that each such contractor or subcontractor who is an employer by reason of subsection (f) of this Section or Section 96-11 (c) shall alone be liable for the contributions measured by wages paid to individuals in his employ . . ."

The above provision merely determines who shall be liable for the contributions to the Unemployment Compensation Commission on wages paid to employees as between an employing unit and a contractor or subcontractor under certain specified circumstances. But the mere fact that the Metropolitan Life Insurance Company was an employer in North Carolina, as defined by the Unemployment Compensation Act, does not mean necessarily that it was the employer in the operation of the Nissen Building. Its status in connection with the operation of the Nissen Building must be determined by the provisions contained in the agreement under which it acted.

The Metropolitan Life Insurance Company took over the management of the Nissen Building under an agreement designated "Assignments of Rents," which agreement was dated 8 April, 1933. W. M. Nissen, the owner, was designated therein as "the party of the first part," and the Metropolitan Life Insurance Company as "the party of the second part." The agreement, among other things, authorized the party of the second part "to employ an agent or agents to rent and manage said property and to collect the said rents and other revenues thereof, and to pay the reasonable value of his or their services out of the rents and revenues received and in all respects to act in the place and stead of and to have all of the powers as owner as possessed by the said party of the first part for the purposes aforesaid . . ." And the agreement further provided: "It is hereby covenanted and agreed that the party of the first part shall save and hold harmless and hereby releases and agrees to hold harmless the party of the second part from any liability for any and all acts, agreements, actions, claims, rights and demands which the party of the first part now has or by virtue of these presents may hereafter have against the party of the second part for any act heretofore done by the party of the second part or hereafter done by the party of the second part or hereafter to be done or performed by the party of the second part, in connection with these premises, or of any rights or obligations hereunder, or by reason of the acts or omissions by the party of the second part, and the party of the first part covenants and agrees to and with the party of the second part that any act done or

performed or omitted by any such agent or employee shall not be, nor be construed to be, an act of the party of the second part, nor shall the party of the second part be responsible therefor.  Nothing herein contained shall release or operate to release the party of the second part from its duties to account for all moneys actually received by it pursuant to the terms hereof, but such right shall not extend to any sums collected by an employee or agent of the party of the second part, provided the said party of the second part shall have used reasonable care and diligence in employing the said employee or agent."

An employer is responsible for the acts of his agents and employees performed in due course of the employment.  Here, the manager and other employees of the Nissen Building were not to act for or on behalf of the Metropolitan Life Insurance Company, nor was the Insurance Company to be held liable for their acts.  The liability of the Insurance Company is expressly limited to that of an agent, acting for and in the place and stead of W. M. Nissen, and charged only with the duty to account for all moneys received by it pursuant to the agreement.

The agreement referred to herein was executed nearly four years prior to the effective date of the Unemployment Compensation Act.  When the Act went into effect and the Metropolitan Life Insurance Company was called upon to make the contributions required on the wages of the employees engaged in the operation of the Nissen Building, we think under the terms of the agreement under which it was collecting the rents, it should have made the remittances to the Unemployment Compensation Commission, as the agent of the Nissen estate, or as agent of Mrs. Ida W. Nissen, after the estate of W. M. Nissen was administered and closed.

Consequently, we hold that whatever reserve has been created and is now credited to the Metropolitan Life Insurance Company by the Unemployment Compensation Commission by reason of contributions made by the Metropolitan Life Insurance Company on wages of employees employed at the Nissen Building at Winston-Salem, N. C., and charged to the operating income of said building, should be transferred to the credit of Mrs. Ida W. Nissen, trading as Nissen Building.

We are not unmindful of the statute G. S., 96-9, subsection 4, which authorizes the Commission to transfer a reserve fund only upon the mutual consent of the parties.  However, we do not think the law applies where such reserve was credited to a particular person, firm or corporation under a misapprehension of the facts or the status of the person, firm or corporation making the contribution.  Moreover, the mutual consent of the parties concerned was not required for the transfer of a reserve account by the Unemployment Compensation Act prior to the enactment of Chapter 522, ss. 11-16, 1945 Session Laws.

While the appellant strongly contends in her brief that she is entitled to the relief sought on the ground that a mortgagee, in possession, is not permitted to use rents for its own benefit, in view of the conclusion we have reached herein, we deem it unnecessary to consider that question.

The judgment of the court below is reversed and this cause remanded for judgment in accord with this opinion.

Reversed and remanded.